UTICA,
August, 1829.

Niblo
v.
Clark.

## NIBLO *vs.* CLARK.

The plea of *nil debit* to an action of debt on recognizance of bail is bad on general demurrer.

A licence or permission by a plaintiff to a defendant to depart this state, and an agreement that all proceedings on the judgment against him shall be stayed until his return, may be plead in bar to an action against the bail, on the recognizance.

ERROR from the New-York common pleas. Clark sued Niblo in an action of debt on recognizance, entered into by Niblo as the bail of one Edward King, in a suit prosecuted by Clark against King, in the New-York common pleas. Niblo pleaded, 1. *Nil debit;* 2. The death of the principal after judgment and before the return of a *ca. sa.;* 3. That after the judgment against the principal, and before the issuing out of *ca. sa.* thereupon, to wit, on the 1st December, 1827, at the city of New-York, the plaintiff gave licence and granted permission to the principal to depart from the city of New-York and proceed to Mobile, in the state of Alabama; and agreed with the principal that all proceedings upon the judgment against him should be stayed until his return from Mobile; that thereupon the principal departed and proceeded to Mobile; and hath not since returned; whereupon he prayed judgment, &c. To the first and third pleas the plaintiff demurred, and to the second he replied, setting forth the suing out of a *ca. sa.* against King on the 17th December, 1827, returnable on the third Monday of January then next, a return by the sheriff of *non est inventus,* and an averment that at the issuing and return of the writ, the defendant therein named was living at the city of New-York. The defendant joined in demurrer, and to the replication rejoined, that at the return of the *ca. sa.* the defendant in the original judgment was not living as alleged by the plaintiff. The common pleas gave judgment for the plaintiff on the demurrers to the first and third pleas. The issue on the second plea was subsequently tried, and a verdict found for the plaintiff; upon which judgment was entered for the plaintiff for his debt, damages and costs; to reverse which judgment the writ of error was sued out.

*J. L. Wendell,* for plaintiff in error.

*D. B. Tallmadge,* for defendant.

*By the Court,* SUTHERLAND, J. The first plea is bad on general demurrer. It is *nil debit to debt on rocognizance of bail.* The case of *Bullis* v. *Gibbons & Brown,* (8 Johns. R. 82, is precisely in point. The authorities there cited fully shew that *nil debit* is not a good plea to such an action. The specialty or record is not merely inducement to the action, but the action is founded upon it. In the latter case *nil debit* cannot be pleaded, though it may in the first. (1 Saund. 39, n. 3. 2 Ld. Raym. 15. 2 Strange, 778. 8 Mod. 107, n. 5 Burr. 2586.) The judgment below was therefore correct so far as it relates to the demurrer to the first plea.

But I am inclined to think the third plea is good. It states that the plaintiff gave a licence or permission to King, the principal, to go to Mobile, and agreed with King that all proceedings on the judgment against him should be stayed until his return; and avers that King thereupon departed for Mobile, before any *ca. sa.* was issued against him on the judgment, and that he has not since returned therefrom. The objection taken to the plea is, that it states no consideration for the agreement on the part of the plaintiff; that it was a *nudum pactum;* and that the plaintiff was *not legally* restrained by it from proceeding immediately against King. It appears to me that it is not material whether the agreement was or was not binding between the parties to it. The plea shews, that in consequence of it King actually went to Mobile, and has not yet returned. It proceeds upon the ground that it is an act of fraud in the plaintiff, after having induced the principal to depart by agreeing to suspend all proceedings against him, (and of course against his bail,) to avail himself of such absence, induced by his own act, to charge the bail. The case of *Rathbone* v. *Warren,* (10 Johns. R. 587,) is distinguishable from this only in the circumstances, that there the principal paid a part of the debt in consideration of the licence to depart, and the agreement of the plaintiff not to proceed and charge the bail. The agreement in that case was made on the 11th of November, and was to continue in force only until the 20th February following. Waiving the question whether the payment of a part of the debt was a good legal consideration for the promise of the

UTICA,
August, 1829.

Niblo
v.
Clark.

UTICA,
August, 1829.

Niblo
v.
Clark.

plaintiff to suspend execution, it is sufficient to remark that the case is not put upon that ground, either by the counsel who argued it, or by the judge who delivered the opinion Judge Spencer remarks, that bail are to be considered, to all intents and purposes, as sureties; and he continues, "The appellants, who are to be treated precisely as if they were the obligees of a bond, have thought proper, on receiving a part of their debt from the principal, to enter into a stipulation not to proceed against him until after a certain day. This stipulation undoubtedly induced the principal to leave the state, and the situation of the bail was thereby materially changed, and his risk greatly increased. It appears to me, that on principles of good faith and common honesty, this act must be deemed to have exonerated the bail. In that case, the plaintiff did not proceed until the time limited by his agreement had expired; but here the suspension was indefinite until the return of the principal. To proceed to charge the bail in this case is most emphatically then a violation of the principles of good faith and common honesty, as it is a breach of the very terms of the agreement. But the true ground appears to me to be this: that the plaintiff has, by his act, greatly increased the risk and hazard of the surety, by entering into an arrangement with the *principal* which induced him to leave the state; and the case does not depend, in any degree, upon the question whether the contract was one for the violation of which the principal could or could not maintain an action. Whether he could or could not maintain such action, the plaintiff cannot in good faith proceed against the bail. It is like a licence to leave the limits, which, though given without any consideration, if carried into effect, not only exempts the sheriff and his bail from all liability for the escape, but discharges the debt itself; although before the prisoner actually departs, the licence is undoubtedly revocable. (16 Johns. R. 181.) The cases of a mere omission of the creditor to sue the principal debtor, where he has not been requested by the surety to proceed, or has entered into no contract which prevents him from proceeding, are not applicable to this case. (13 Johns.

R. 174. 15 Johns. R. 434. 17 Johns. R. 384, 175. 13 Johns. R. 383.) Here the surety has been prejudiced by the active interference of the plaintiff.

UTICA,
August, 1829.

Judgment reversed, and venire de novo.