Love
v.
Kidwell.

---

Love *v.* Kidwell and Others.

When a deed—whether a single bill or a bond with a condition—is the foundation of an action of debt, *nil debet* is a bad plea on general demurrer.

It was stated in the condition of an attachment-bond, that the attachment had issued; and the condition was set out in a declaration on the bond. *Held*, on general demurrer, that a plea denying that the attachment had issued was inadmissible.

Whether the pendency of an *attachment*-suit can be pleaded.to an action on the attachment-bond?—*quære.*

The declaration in a suit on an attachment-bond stated the condition of the bond to be,—that the plaintiff should duly prosecute the writ, and pay all damages which the defendant might sustain should the proceedings be oppressive. The breach assigned was,—that though the writ issued, and the proceedings were wrongful and oppressive, the defendant had not paid the penalty of the bond. *Held*, on general demurrer, that the breach was insufficient.

APPEAL from the *Union* Circuit Court.

*Friday, June 8.*

Dewey, J.—This was an action of debt upon a penal bond. The declaration sets out the condition of the bond, which, after reciting that *Kidwell*, one of the defendants, had issued a writ of foreign attachment against the plaintiff, stipulates,—that if *Kidwell* should "duly prosecute his said writ of foreign attachment against the said *Love* to final judgment, and pay all damages that might be sustained by him, provided the proceedings should be wrongful and oppressive, then the bond to be void," &c. The breach assigned is, "Yet the said defendants, although the said *Kidwell* did then and there sue out such writ of foreign attachment against the said plaintiff as aforesaid, and although his the said *Kidwell's* proceedings in the said attachment were groundless, illegal, wrongful, and oppressive, by means whereof the said writing obligatory became and is forfeited, and an action hath accrued to the said plaintiff to demand and have of and from the said defendants the sum of, &c. (the debt) above demanded,—have not nor

70

has either of them, although often requested so to do, paid the said debt," &c.

Pleas, 1. *Nil debet.* 2. The bond was given without any consideration. 3. No writ of attachment was ever issued. 4. At the time of the commencement of this suit, the proceedings in attachment were undetermined and pending in the Circuit Court.

Issue upon the second plea; and general demurrer, and joinder, to the others. The Court overruled the demurrer, and gave judgment for the defendants:

*Nil debet* is not a good defence to an action founded on a specialty. The seal implies a consideration, and is; *prima facie;* evidence of a debt; and as this plea does not put in issue the execution of such an instrument, it is bad on general demurrer. There is no distinction, as to the validity of this plea, between a single bill and a bond with condition, whatever may be the character of the condition. When the deed is the foundation of the action, although extrinsic facts may be mixed with it, *nil debet* is not a sufficient plea. 1 Chitt. Pl., Day's ed. 478.—*Atty* v. *Parish;* 1 N. R. 104.—2 Saund. 187, *n.* 2. When the specialty is but inducement, and matter of fact is the foundation of the action, *nil debet* is a good plea. It is upon this principle, that this plea is allowable to debt for rent reserved by indenture of demise; the lease is the inducement, and arrears of rent the gist, of the action. 1 Saund. 38; *n.* 3. 1 Chitt. Pl. 477. It is, however, observable that the usual mode of declaring practised in these cases, of setting out a demise without stating it to be under seal, (when in fact it is so,) is an exception to a general rule of pleading. 1 N. R. 104 (1).

The plea, that no writ of attachment was ever sued out, is bad, because it denies a fact which is admitted to have existed by the condition of the bond, which is set out in the declaration. The plaintiff had a right to avail himself of the estoppel by demurrer; it is not necessary to reply that matter when it appears by the previous pleading. 1 Chitt. Pl. 575.—1 Saund. 325, *n.* 4.

The defence set up by the last plea, that the attachment suit was pending and undetermined at the commencement of this action, is of a more doubtful character; and as the result

must be the same whether that plea be good or bad, we give no opinion upon it.

The declaration is substantially defective; and the demurrer reaches the defect.

The condition of the bond is, that the plaintiff in attachment should duly prosecute his writ, and pay all damages which the defendant might sustain, should the proceedings thereon be oppressive. The breach assigned is, that though the writ issued, and the proceedings were wrongful and oppressive, the defendants had not paid the penalty of the bond. This breach evidently does not conform to the nature of the stipulation in the condition: it does not negative the performance of the contract.

The declaration should have shown, that the oppressive proceedings in attachment had injured the plaintiff in this suit, the nature of the damages he had sustained, and that the defendants had not paid them. It is true, the 25th section of the attachment-act provides, that if on the trial of the suit on the bond, it shall appear to the satisfaction of the jury, that the proceedings had on the attachment were wrongful and oppressive, the person aggrieved shall recover damages at the discretion of the jury.

But this provision was not designed to change any of the rules of pleading, nor to dispense with the application of known legal principles in the assignment of the breach of that condition of the bond, which another part of the same statute had prescribed. Its object was to clothe the jury with power, adequate to the redress of all injuries inflicted by means of this *ex parte* proceeding, and calculated to check improper resort to a statutory privilege peculiarly liable to abuse.

*Per Curiam.*—The judgment is affirmed with costs. To be certified, &c.

*J. Ryman*, for the appellant.
*J. S. Newman*, for the appellees.

(1) *Vide Trimble et al.* v. *The State, ex rel. &c. ante*, p. 435, and note.