By the Court,

Bronson, J.
When the action of debt is founded on a record or specialty, although extrinsic facts are alleged, nil debet is no plea. If the defendant wish to question the record or deed, he must do so directly, by pleading nul tiel record or non est factum. But when the record or specialty is but inducement to the action, and matter of fact is the foundation of it, the defendant may plead nil debet, and put the plaintiff to prove the whole declaration. The rule is a familiar one; the only difficulty is in the application of it. In debt for rent by indenture, (a) or for an. escape, or on a devastavit by an executor, it has been held that the indenture or the judgment is but inducement; and that the arrears of rent, the escape and devastavit, are the foundation of the action. In these cases nil debet is a good plea. But it is bad in debt on a bail bond, or on a recognizance of bail, or on a town collector’s bond, or a specialty for not accepting and pay *234 ing for stock according to contract. In these cases the bail or other bond, the recognizance and the specialty are held to be the foundation of the action; and although extrinsic facts are also alleged, the defendant cannot plead nil debet. (1 Saund. 38, n. (3). 2 id. 298, n. (1). Warner v. Theobald, Cowp. 589. Waites v. Briggs, 2 Salk. 565. Minton v. Woodworth, 11 John. 474. 1 Chit. Plead. 517, ed. of ’37. Hart v. Weston, 5 Burr. 2586. 2 W. Black. R. 683., S. C. Mills v. Bond, and Mayhew v. Mayhew, Fortescue’s R. 363 and 367. Bullis v. Giddens, 8 John. 82. Niblo v. Clark, 3 Wend. 24. Jansen v. Ostrander, 1 Cowen, 670. Warren v. Consett, 2 Ld. Raym. 1500, reported also in. 8. Mod. 107,. 323, 382, and 2 Str. 778.) The case last cited underwent great consideration, having been argued three times, according to the report in Modern, and a fourth time, according to Strange.
Although this is in some respects much like the case of debt for arrears of rent, I am of opinion that the defendant’s plea of nil debet to the whole declaration cannot be supported. It should have been confined to the fourth count, which is upon simple contract. The general rule certainly is, that when the plaintiff counts on a specialty, the defendant, if he intends to deny the execution of the deed, must do so by pleading non est factum; and the case of debt for rent, counting upon the indenture, must be regarded as an exception. (1 Chit. Plead. 518, and note (i).) In debt for rent, although the demise be by deed, the plaintiff may count generally without mentioning the deed. (1 Saund. 276, n. (1). This is said to be the only case where the plaintiff can count in that manner, and then produce the deed in evidence in support of the declaration. (Atty v. Parish, 4 Bos. & Pull. 104.) When the lease is not mentioned, nil debet is, of course, a good plea; and it is also allowed, although the declaration states a demise by deed. The books are not agreed as to the ground on which this exception to the general rule of pleading stands. Sergeant Williams says the plea is good, “for the foundation of the action is a mere fact, namely, the arrears of rent; *235 and the indenture is held to be only inducement, which the plaintiff need not set out in the declaration.” (2 Sound. 298, n. (1).) Chitty says, the fact of occupation or holding gives the right to the sum demanded, and is the foundation of the action; and the lease is mere inducement. (1 Chit. PI. 517, ed. of ’37.) But he afterwards mentions this as an exception to the rule that the defendant cannot plead nil debet where a deed is the foundation of the action. (Id. p. 518, note (i).) In Wilson v.-, (Hardres' R. 332,) Hale, Ch. B. said, “ in an action of debt upon a grant of rent, nil detinet is a good plea, because the plaintiff has other remedy to levy it, viz. by distress; but it is not a good plea to an action grounded upon a grant of a bare annuity, because the grantee in such a case has no remedy by distress.” This case is cited in Bul. N. P. 170, where it is said, that in debt for rent the defendant may plead nil debet; “ for an indenture does not acknowledge a debt like an obligation, for the debt accrues by the subsequent enjoyment.” In Warren v. Consett, (2 Ld. Raym. 1500,) the court said, the indenture was but inducement to the action, and the plaintiff need not set it out. In Atty v. Parish, (4 Bos. & Pull. 104,) Sir J. Mansfield said, the case of debt for rent on a demise by indenture was the only one where the plaintiff was not obliged to declare on the deed; and this exception “ seems to have proceeded on the ground that by the demise an interest had passed in the land.” Judge Gould says, in debt for rent, “ it is neither necessary nor usual to allege the deed; and if alleged, it is but inducement, and therefore need not be answered in pleading.” He adds, “ the subsequent occupation of the defendant under the demise, is the gist of the action; because rent is considered as a profit issuing out of land; and when it is sued for as a debt, the law considers the debt as arising out of the receipt of the issues and profits by the tenant, and not from the deed.” Gould’s Plead. 310, 311, 2d ed.)
Enough has been said to show, that the plea of nil debet in debt for rent by indenture, stands on peculiar grounds, and is an exception to the general rule of pleading where *236 the plaintiff counts on a record or specialty. We have already seen that the plea is not allowed in debt on a bail bond, a town collector’s bond, a recognizance of bail, or on a specialty for not accepting and paying for stock according to contract.(b) And yet in all those cases it was necessary for the plaintiff to go beyond the record or specialty, and allege other facts to make out a cause of action. This question was discussed very much at large in the case of Warren v. Consett, already cited, where, because the plaintiff was obliged to aver that he had transferred the stock pursuant to agreement and that the defendant had made default, it was insisted that the specialty was but mere inducement, and consequently that the defendant *237 might plead nil dcbet; but the plea was disallowed—the court holding that the action was founded on the specialty, and the particular facts were but auxiliary to the deed. So in the case at bar, although'the plaintiff, after setting out the deed, has necessarily averred the existence of extrinsic facts, to wit, that he did let the boat to the defendant in pursuance of the agreement, and that the defendant used it a certain number of days, still the action is grounded on the deed; and if the defendant wish to deny that he made it, he must do so by pleading non est factum.
It is said that this action is founded on the use of the boat— the deed being but mere inducement—and therefore the plea is good. The same argument was urged, but without success, in Atty v. Parish, already cited. That was an action of debt for the use and hire of a ship ; and the plaintiff was nonsuited, because he had not declared on the deed of charter-party under which the ship was used. The plaintiff’s counsel said, “ the reason why in debt for rent it is necessary to declare upon the deed is, that the debt does not arise from the deed, but from the occupation. So here, the debt arises from the use and occupation of the ship, not from the charter:party. The difference between the two cases is, that the one respects land, and the other a personal chattel.” But this argument, though a plausible one, did not prevail with the court. Sir J. Mansfield, Ch. J. thought it would overturn all the precedents in pleading.
When the plaintiff declares on a sealed obligation, whether in debt or covenant, although he may be obliged to aver the existence of extrinsic facts in order to make out a breach of the agreement by the defendant, I recollect no case, save that of debt for rent by indenture, where the defendant has been allowed to put in issue the existence of the deed by any other plea than that of non est factum ; and I think we ought not to in • novate upon the established rules of pleading.
Judgment for plaintiff.

 See Trustees of Dartmouth College v. Clough, (8 New Hamp. Rep. 22.)

 Nor is it allowed in debt on bond given upon the issuing of a foreign attachment. (Love v. Kidwell and others, 4 Blackf. Rep. 553.) And in this case, Dewey, J. said: “ There is no distinction, as to the validity of this plea, between a single bill, and a bond with a condition, whatever may be the character of the condition. When the deed is the foundation of the action, although extrinsic facts may be mixed with it, nil debet is not a sufficient plea. When the specialty is but inducement, and matter of fact the foundation of the action, nil debet is a good plea. It is upon this principle that this plea is allowable to debt for rent reserved by indenture of demise ; the lease is the inducement, and the arrears of rent the gist of the action. It is, however, observable that the usual mode of declaring practiced in these cases, of setting out a demise without stating it to be under seal (when in fact it is so) is an exception to the general rule of pleading.” (Id. 554.) The general doctrine was applied in debt on a bastardy bond ; (Trimble and others v. The State, id. 435 ;) and in debt on a sealed note ; (Boynton v. Reynolds, (3 Missou. Rep. 79.)
If nil debet is not demurred to, however, it is said to be sufficient to put the plaintiff to proof of every material allegation in the declaration, the deed included. (1 Chitty’s Plead. 424, Phil. ed. 1828, citing Rawlins v. Danvers, 5 Esp. Rep. 38, Anonymous, 2 Wils. Rep. 10, and 2 Saund. 187, a, note (2). See also 2 Stark. Ev. 140, note (u), 3d Am. ed.; Dartmouth College v. Clough, 8 New Hamp. Rep. 22, 28; 2 Phil. Ev. 168, 1th ed.; Jansen v. Ostrander, 1 Cowen’s Rep. 670, 1, 676.) But see 2 Stark. Ev. 270, note (x) 6th Am. ed., which is thus: “ It seems that if issue be taken on the improper plea of nil debet, to a declaration on bond, the execution of the deed stands admitted. On such an issue taken in an action by executors, on a bond to the testator, evidence was admitted of an admission of the amount of the debt by the defendant, and the plaintiffs recovered without proof of the bond. York summer assizes 1827. Cor. Bayley, J.”