Blackford, J.
This was an action of debt brought by the State on the official bond of a justice of the peace. The following breaches were assigned in the declaration: 1, That the relators obtained a judgment in 1838, before the justice against one Laughlin for the sum of, &c., on which no stay of execution was taken; that the justice failed to issue execution for three months, during which time Laughlin had sufficient goods, &c.; and that no execution was issued until his property was disposed of. 2, That the relators obtained another judgment against Laughlin before the justice, &c.; that after the return of nulla hona to a ft. fa. on the judgment, the relators ordered a ca. sa., &c.; but that the justice neglected and had continued to neglect to issue it; whereby Laughlin was suffered to go out of the jurisdiction, &c.
There were five pleas: 1, Nil debet. 2, To the first breach, that at the time of the judgment, and ever since, Laughlin was insolvent, and had no goods subject to execution. 3, To the second breach, that at the time of the judgment, and when the ca. sa. is alleged to have been ordered, and ever since, Laugh-lin was insolvent, and had no goods subject to execution. 4, To the first breach, that at the time of the judgment, one of the relators ordered the justice to suspend the issuing of execution, &c. 5, To the second breach, that no ca. sa. was ever ordered to be issued until after Laughlin had absconded.
General demurrers to the first three pleas, and the demurrers sustained.
T. Johnson, for the plaintiffs.
W. IL Coombs, for the defendant.
Replication in denial of the fourth plea, and issue; and issue on the fifth plea.
The defendants, on the trial, offered to prove in mitigation of damages, that, at the time the judgment was rendered, and till the time of the trial, Laughlin was wholly insolvent; but the Court refused to admit the evidence.
Verdict in favour of the plaintiff for $76.40, and judgment accordingly.
The first plea was bad. Love v. Kidwell, 4 Blackf., 553. Th,e second and third pleas were bad also. They contain *no justification for the breach of duty alleged in the declaration.
The rejection of the evidence offered by the defendants in mitigation of damages was wrong. It was for the jury to determine what damage the relators had sustained by the neglect of the justice to issue the executions; and it is not probable that they would have considered his loss so great on account of the justice’s default, if Laughlin was insolvent, as if he had been in good circumstances.
Per Curiam.—The judgment is reversed at the costs of the relators. Cause remanded, &c.