Ward v. Barber.

---

GEORGE WARD and another *v.* BENONI B. BARBER, impleaded, &c.

In an action upon a judgment for costs, entered against the defendant as the party plaintiff in a court of record of another state, it is no defence that the suit was brought without his authority. While the judgment remains of record, he is bound by it, and an application for relief can only be made to the court by whom it was rendered.

The right of either partner to collect a copartnership debt, and to sue thereon in the name of the firm, is an incident to the partnership relation, which survives the

dissolution. One partner is bound by the act of the other, in the exercise of this right, as well when performed after as before the termination of the copartnership.

A judgment for costs, recovered by a defendant against a party plaintiff, after the latter's discharge in bankruptcy, is not affected thereby, although the action in which such judgment was obtained against the said plaintiff, was brought to collect a debt existing in his favor when he applied for his bankrupt discharge, his interest in which debt had been by the proceedings in bankruptcy transferred to his assignee.

Whether, since the revised statutes, a notice of special matter can be given with a plea of *nul tiel record*, considered, but not decided: DALY, J., affirming the proposition; INGRAHAM, FIRST J., *contra;* WOODRUFF, J., expressing no opinion.

The permission of the court, to substitute a new pleading in place of one which has been struck out on motion, will not exempt such new pleading from the legal exceptions to which it may afterwards prove liable.

THIS was an action in debt, commenced before the passage of the code, against the defendant, Barber, impleaded with the defendant, Wm. W. Reed, upon a judgment recovered against them in the supreme court of the state of Michigan. The declaration was in the usual form. The defendant, Barber, appeared, and put in the plea of *nul tiel record*, with a notice thereto annexed, that he would give in evidence, &c., among other things, that he had always been a resident of the state of Connecticut or of New York; that he had no interest in the suit or alleged judgment in the state of Michigan; that he did not appear therein in person, by attorney or otherwise; that he did not authorize any person to appear or prosecute the same; that all the said proceedings were without his knowledge and against his will; that neither the said Reed, nor any person or persons, had any right, power or authority to prosecute the said suit; that by virtue of his proceedings in bankruptcy, he was divested of all right, title or interest in any supposed claim in favor of the said Reed and Barber, against the said Ward and Jewett, (the plaintiffs in this suit,) out of which claim the alleged judgment, as was alleged, had arisen.

At the trial, the plaintiffs rested, after producing an exemplified copy of the record of the judgment in question, duly attested by the clerk of the court, under seal, with the usual certificate of the presiding judge, &c.

The counsel for the defendant, Barber, then offered evidence under the notice, which being objected to, was excluded, and an exception taken. It was said that the defendants, Reed and Barber, had been copartners in business, and dissolved their copartnership; that the defendant, Barber, had been discharged under the bankrupt act of 1841; and that after he had transferred all his property to an assignee, under that act, the defendant, Reed, without his knowledge, commenced an action in the state of Michigan, in the late partnership name, without joining as a party Barber's assignee in bankruptcy, for the recovery of a claim due to Reed and Barber, by the present plaintiffs, who succeeded in defending that action, and obtained a judgment for costs, upon which judgment this suit was founded.

The case in this court was tried before WOODRUFF, J., and a jury, and a verdict was found for the plaintiffs, under the direction of the presiding judge.

The case came up on the appeal of the defendant, Barber, from an order at special term, denying a new trial.

*S. K. Wightman*, for the defendant.

*Elijah Ward*, for the plaintiffs.

DALY, J.—Before the revised statutes, a defendant could not give a notice of special matter with a plea of *nul tiel record*. The act allowed a notice of special matter to be given with the general issue; (1 Rev. Laws, 301;) and *nul tiel record* was not the general issue, because it presented an issue which was triable by the court and not by a jury. (*Raymond* v. *Smith*, 13 Johns. R. 329; *Barheydt* v. *Haverly*, 1 Wend. 70.) But the revised statutes declared that all issues of fact should be tried by a jury, and abolished all other modes of trial; (3 R. S. 3d ed. 507, § 4;) and it was accordingly held, in *Trotter* v. *Mills*, (6 Wend. 512,) that *nul tiel record* was an issue of fact, and must be tried by a jury. There can be no doubt, therefore, that a defendant may, with a plea of *nul tiel record*, give

notice of special matter. The statute provides that the notice must be given, together with the plea of the general issue in those actions in which such issue may be pleaded, *or with the plea of nil debet to an action of debt on judgment.* But *nil debet* would not have been the proper plea to this action. In *White* v. *Converse*, (20 Wend. 266,) it was held, that the object of the statute, in reference to this plea, was to authorize notice of special matter to be given with the plea of *nil debet,* in cases where such plea might before the statute have been put in according to the settled rules of pleading, and before the statute *nil debet* was the proper plea, where the specialty or record was but inducement to the action, and matter of fact was the foundation of it, as in debt for rent, by indenture, or for an escape, or on a *devastavit;* but where the action was grounded upon the record or specialty, it was not a good plea. (*Bullis* v. *Geddins,* 8 Johns. R. 82; *Jansen* v. *Ostrander,* 1 Cow. 670; *Nibbs* v. *Clark,* 3 Wend. 24.)

But though the defendant had a right to accompany his plea of *nul tiel record,* with a notice under the statute, the matter he set up in his notice contributed no defence to the action. He set forth in his notice that he and his co-defendant, Reed, were copartners, doing business in Hartford, Connecticut. That after the dissolution of their copartnership, he obtained his discharge as a bankrupt, and that all his interest in said copartnership, with all his other property and effects, was transferred to his assignees in bankruptcy. That after his discharge, and after all his property and effects had passed into the hands of his assignees, the suit in which this judgment was obtained was commenced by his former partner, Reed, in the circuit court of Ann Arbor, in the state of Michigan, against the plaintiffs, Ward and Jewett, to recover a claim due by them to the copartnership. That he never gave any authority to commence the suit, nor did he ever authorize any attorney to appear for him in the suit. This is no answer to the action upon the judgment. It is no answer for a plaintiff, against whom a judgment in a court of record has been rendered, that he never authorized the suit to be brought. If it has been

Ward v. Barber.

brought without his authority, his remedy is to apply to the court by whom the judgment was rendered for relief; for as long as it remains of record he is bound by it. But independent of this, the defendant's partner had a right to commence the suit. It was brought to recover a debt due to the partnership, and was necessarily brought in the name of the firm, and whether or not the assignee should have been made a co-plaintiff, is wholly immaterial. If he should have been joined, it was a matter of which the defendants might have availed themselves in abatement, but it in nowise affects the question of the defendant, Barber's, liability as a party to the suit, and to the judgment rendered in it. The right to collect the debts and to commence suits for that purpose, is an incident to the partnership, which survives the dissolution, and is inherent in either partner. So far as respects the exercise of that right, one partner is bound by the act of the other, as fully as he would be by an act done in transacting the affairs of the partnership during its existence. He cannot get rid of a judgment against himself and his copartner, rendered upon the failure to maintain an action upon a claim growing out of the affairs of the copartnership. If the claim was the individual matter of the partner who brought the suit, having nothing to do with the affairs of the partnership, and he was improperly made a party to the action, then, as before suggested, he must seek for relief in the court that rendered the judgment against him. He cannot, in this collateral way, impeach the validity of its record. Nor is his discharge in bankruptcy any answer. The judgment was recovered after the defendant obtained his discharge, and is consequently not released nor affected by that proceeding.

The exemplified copy of the record was sufficiently authenticated, and was properly admitted in evidence.

INGRAHAM, FIRST J.—I cannot concur in the opinion that *nul tiel record* ever was a plea under which a notice of special matter could be given.

Previous to the revised statutes, it is conceded that it was

not, for the obvious reason that the issue formed by it was triable by the court, and that notice of special matter, which was in reference to the merits, could only be submitted to a jury. (1 Wend. 70.) For this reason they could not be united; and the plea of *nul tiel record* could not, therefore, be the general issue.

Nor have the revised statutes made any alteration in the rule in reference to this plea. The issue joined upon this plea, is made triable by the jury, instead of the court, by the general provision applicable to all issues of fact, 2 R. S. 410, sec. 4; but no change is made in the rule relative to notices of special matter. They can only be given with the plea of general issue, where such issue can be pleaded, or with *nil debet*, to *debt* or *judgment*, or *non est factum* in covenant. (2 R. S. 353, sec. 10.) In no other case could notice of special matter be given with the plea.

The right to give such a notice does not depend upon the question, whether the issue is to be tried by the court or jury.

There were many pleas which raised issues to be tried by a jury; thus, a plea of payment in assumpsit, performance in covenant, justification in trespass, and many others, rendered trial by jury necessary; but under none of them could notice of special matter be given.

The remarks above made apply to the ordinary plea of *nul tiel record* to a judgment recovered in a court of this state, where the issue formerly was triable by the court; but this issue never could have been tried by the court, even before the revised statutes.

The action is founded on a foreign judgment; and where *nul tiel record* is pleaded in such a case, it must have concluded to the country, whether before or after the passage of the revised statutes. (17 J. R. 278.) The matter set up in this notice should have been pleaded specially, and, in my opinion, could not have been given in evidence under the notice.

I think that the judge, upon the trial, properly excluded the same, and that there was no error upon the trial.

This view of the insufficiency of the notice, renders it unne-

cessary to examine the sufficiency of the defence set up in the notice, although I have no hesitation in expressing the opinion that the same constituted no valid answer to the plaintiff's claim.

It was urged on the argument, that the defendant should be relieved from the consequences of his defective pleading, because he had availed himself of a privilege, granted to him when the special plea was held to be bad, to add a notice of special matter. Before he relied upon such a notice, he should have satisfied himself that it was consistent with the rules of pleading, and if not, he should have applied for leave to plead anew. It is no excuse for a bad pleading, that he had leave granted to put it in. It was subject to such legal objections as might afterwards be taken to it; and the form of the order on which the defendant now relies, was probably so made through inadvertence.

Both from the insufficiency of the plea and notice, and also of the defence, the decision at the trial was proper, and the motion for a new trial should be denied.

WOODRUFF, J.—I think the defence was insufficient. Whether with the plea of "*nul tiel record,*" notice of special matter in defence can be given, it is not necessary to decide.

New trial denied.