*J. W. Burton*, for appellant.

*S. H. Taylor*, for appellee.

———————⊙———————

MICHAEL v. THOMAS and Others.

ATTACHMENT.—SUIT ON BOND.—In a suit upon an attachment bond, the complaint must aver that the damages sued for are unpaid.

APPEAL from the *Fountain* Common Pleas.

RAY, J.—This was an action upon an undertaking executed by the appellees in an attachment proceeding. The condition was that the plaintiff in that proceeding should prosecute his suit, and pay all damages which might be sustained by the defendant in the suit, if the proceedings should prove wrongful and oppressive. The complaint charged that the judgment in attachment had, on appeal to this court, been reversed and the proceeding declared wrongful, and the cause remanded, with directions to the court below to dismiss the action, and alleging damages. A demurrer was sustained by the court below to the complaint in this cause. It is claimed by the appellees that the damages are not properly stated. We think the demurrer should not have been sustained on that ground. The appellant was entitled to at least nominal damages on breach of the condition of the bond, and the complaint, among other al-

legations, contains an averment that the property attached was injured. But there is no averment that the damages have not been paid. As the express condition of the undertaking is that the damages shall be paid, it is necessary that the complaint should deny that this has been done. It was so held by this court in the case of *Love* v. *Kidwell*, 4 Blackf. 553, and the rule is thus stated in Drake on Attachments, § 168.

The demurrer was, therefore, properly sustained, and the judgment must be affirmed, with costs.

*J. McCabe*, for appellant.

*L. T. Miller*, for appellees.