### Uhrig and Another *v.* Sinex.

ATTACHMENT.—*Suit on Undertaking.*—*Pleading.*—The complaint in an action on an undertaking in attachment, assigning a breach of the covenant "to pay all damages that may be sustained by the defendant, if the proceedings of the plaintiff are wrongful and oppressive," must allege the non-payment of the damages sustained.

SAME.—*Answer.*—In an action on an undertaking in attachment, it is no defense as to damages arising from proceedings in garnishment, that there was personal property attached more than sufficient to pay the debt, interest, and costs.

PRACTICE.—*Attorney.*—*Demurrer.*—It seems that the refusal of the defendant's attorney to point out the specific objection to the complaint intended to be reached by a demurrer thereto, filed by him, cannot, in the absence of a rule of court, prejudice the rights of his client, except, perhaps, by the striking out of the demurrer.

APPEAL from the Wayne Common Pleas.

GREGORY, C. J.—Suit by the appellee against the appellants on a written undertaking executed by the latter in a proceeding in attachment, as required by the one hundred and sixtieth section of the code. 2 G. & H. 140.

The breaches assigned are, that the plaintiff in attachment did not duly prosecute his proceedings, averring special damages by the unnecessary delay; and that his proceedings were wrongful and oppressive, showing several items of special damage. There is no averment that the defendants had not paid the damages which had been sustained by the

plaintiff. A demurrer to the complaint was overruled, and this presents the main question in the case.

In *Michael* v. *Thomas*, 27 Ind. 501, it was held, that a complaint alleging that the judgment in attachment had, on an appeal to this court, been reversed and the proceeding declared wrongful, and the cause remanded, with directions to the court below to dismiss the action, and alleging damages, was bad, for the want of an averment that the damages were unpaid. This ruling was founded on the authority of *Love* v. *Kidwell*, 4 Blackf. 553. A reference was made to Drake on Attachment, § 168.. It is said by the counsel for the appellee that this ruling rests upon rather slender foundations, and he claims that the section cited from Drake is in direct conflict with *Love* v. *Kidwell*, *supra*. The section in Drake is this: " In assigning breaches, if the damages alleged to have been sustained exceed the amount of the penalty, it is proper to assign the non-payment of the penalty. Where the damages claimed do not equal the penalty, the averment should be that they have not been paid," citing *Hill* v. *Rushing*, 4 Ala. 212. This, as we understand it, is in accordance with the ruling in *Love* v. *Kidwell*, *supra*. As the recovery against the surety could not exceed the penalty, that would be the measure of the damages in the first alternative put; but when the actual damages do not exceed the penalty, then the breach, according to Drake, must be the non-payment of the damages.

In *Love* v. *Kidwell*, *supra*, Dewey, J., speaking for the court, says: " The declaration should have shown, that the oppressive proceedings in attachment had injured the plaintiff in this suit, the nature of the damages he had sustained, and that the defendants had not paid them."

We think the learned counsel is mistaken in saying, that the ruling in *Michael* v. *Thomas*, *supra*, rests upon rather slender foundations. It has its foundation in legal logic. The proper breach of a covenant *to pay* is the non-payment.

But there is one good breach in the complaint, and as

that was covered by the demurrer, the court committed no error in overruling it.

The covenant "to duly prosecute" is independent of the covenant "to pay all damages which may be sustained by the defendant, if the proceedings of the plaintiff are wrongful and oppressive."

There is rather an interesting question argued by counsel, but not necessarily involved in the decision of this case. The attorney of the defendants was required to point out the specific objection to the complaint intended to be reached by the demurrer; he declined to do so any further than to say, that the breach was not sufficiently assigned. It is claimed, that this conduct of the attorney waived any objection to the complaint. Even the failure to demur will not cure a defective complaint, but the objection may be raised on a motion in arrest, or on error. Undoubtedly the duty of an attorney would require him to disclose to the court the real point involved. And an attempt to mislead the court by any artifice could be punished as a contempt. We are, however, inclined to think, in the absence of a rule of court, that the refusal of the attorney to disclose the real objection to the complaint, cannot prejudice the rights of his client, except, perhaps, by striking out the demurrer.

The court sustained a demurrer to the first paragraph of the defendant's answer, and this is assigned for error. This paragraph professes to answer so much of the complaint as claims damages because of the levying upon and attaching the plaintiff's lands, and because of the proceedings in garnishment. The fact set up is, that there was personal property attached more than sufficient to pay the debt, interest, and costs.

It is claimed that the attachment of the lands of the defendant, when there was personal property sufficient to answer the demand, was in excess of the sheriff's power, for which the plaintiff and his surety are not liable to answer in damages on the undertaking.

. If this were true as to the attachment of the lands, it

would be no defense for the damages arising from the proceedings in garnishment. And as the paragraph attempts to answer the latter as well as the former, the demurrer was rightfully sustained.

One of the items of damages growing out of the breach of the covenant "to duly prosecute," is the delay thereby occasioned in the collection of the debt due from the garnishee to the attachment-defendant; so it cannot be said that a bad answer is good enough for a bad breach.

Judgment affirmed, with costs.

*J. B. Julian, H. C. Fox, J. H. Popp,* and *W. A. Peelle,* for appellants.

*J. P. Siddall* and *C. H. Burchenal,* for appellee.