No. 10,432.

THE STATE, EX REL. CLAWSON ET AL., *v.* YOUNTS.

PLEADING.—*Demurrer.*—*Form.*—A demurrer assigning as cause "that said paragraphs, nor either one of them, contain facts sufficient to constitute a cause of action," is sufficient under the code.

SAME.—*Statute of Limitations.*—The statute of limitations is not available on demurrer to a complaint, unless the complaint affirmatively shows that the case is not within any of the exceptions to the statute.

DECEDENTS' ESTATES.—*Administrator's Sale of Real Estate.*—*Master Commissioner.*—*Bond.*—*Consideration.*—*Common Law.*—An administrator, on proper petition in 1876, obtained an order to sell real estate of the decedent; a master commissioner was appointed to make the sale, and he gave bond, with sureties, conditioned for the faithful discharge of his duties. He sold the land and converted a part of the proceeds to his own use. ·

*Held,* that the appointment of the commissioner was without authority of the statute and void, that the sale was void, and that the bond was void by statute, and, being without consideration, it was also void as a common law bond.

From the Fountain Circuit Court.

*S. F. Wood* and *J. W. Copner,* for appellants.

*J. McCabe, L. P. Miller* and *C. M. McCabe,* for appellee.

HAMMOND, J.—Complaint by the appellee, in two paragraphs, for the review of a judgment rendered in the court below in favor of the appellant's relators, against the appellee and others. The appellant's demurrer, filed to each paragraph of the appellee's complaint, was sustained as to the first and overruled as to the second paragraph. The only error assigned in this court was the overruling of such demurrer to the second paragraph of the appellee's complaint.

The appellee insists that the ruling of the court was right, for the reason, if for no other, that the demurrer was not sufficient in form. Omitting the title of the cause, etc., the demurrer was as follows: "The defendant in the above entitled cause demurs to the first and second paragraphs of the plaintiff's complaint, for the reason that said paragraphs, nor either one of them, contain facts sufficient to constitute a cause of action."

The fifth cause for demurrer to a complaint, under section .339, R. S. 1881, is: " That the complaint does not state facts sufficient to constitute a cause of action." It is not necessary in demurring to a pleading to use the exact language of the .statute; other words of equivalent meaning may be employed. The word *contain*, though not synonymous, is as broad in its meaning, as used in the above demurrer, as the word *state;* for, if a complaint does not *contain* facts sufficient to constitute a cause of action, it certainly does not *state* such facts. We are referred by the appellee to *Lane* v. *State,* 7 Ind. 426; *Campbell* v. *Routt,* 42 Ind. 410; and *Vaughn* v. *Ferrall,* 57 Ind. 182. Those cases are not 'in point. The demurrers therein, held to be insufficient, were so defective in form as not to present any of the statutory objections to the pleadings to which they were addressed.

The appellant's relators insist, in the first place, that their demurrer should have been sustained, because, as they claim, the appellee's action was not commenced within the time fixed by statute for the commencement of actions for the review of judgments. The reviewed judgment was rendered March .8th, 1880. The appellee's action for review was commenced December 18th, 1881. The statute in force at the time of the rendition of the judgment, and up to September 19th, 1881, required actions of review to be commenced within three years from the rendition of the judgment. By the .statute in force since September 19th, 1881, it has been necessary that such actions, for the cause stated in the second paragraph of the appellee's complaint, should be brought within one year after the rendition of the judgment sought to be reviewed. Section 586, 2 R. S. 1876, p. 247; section 615, R. S. 1881. The section last cited provides that "Any person under legal disabilities may file such complaint at any time within one year after the disability is removed." The appellee's complaint is silent as to whether he had been under any legal disability. As it does not, therefore, appear from the complaint that the action was *not* commenced in time, the objection to it

on this ground is not reached by demurrer. *Whitehall* v. *Crawford*, 67 Ind. 84; *Boyd* v. *Fitch*, 71 Ind. 306; *Thompson* v. *Parker*, 83 Ind. 96.

The second paragraph of the appellee's complaint avers, in substance, that the appellant's relators recovered a judgment against the appellee and others in the court below on March 8th, 1880, in the sum of $894.44; that such judgment was rendered on a complaint for an alleged breach of the conditions of a bond executed by one Joseph Ristine as principal, and by the appellee and another as sureties. The occasion of the execution of such bond was Ristine's appointment by the court as commissioner to sell real estate.

The appellee's complaint alleges that manifest error appears in the proceedings of the court in which the former judgment was rendered, in this, to wit: "That said circuit court erred in overruling the demurrer filed to the complaint therein."

A transcript of the pleadings, proceedings and judgment of the court in the reviewed case is filed with the appellee's complaint for review. In overruling the appellant's demurrer to the second paragraph of the appellee's complaint, the court below rendered judgment reversing and setting aside the former judgment. It will thus be seen that the only question to be considered is whether or not the complaint in the first case stated facts sufficient to constitute a cause of action. That action was brought by the appellant, the State of Indiana, on the relation of the appellant's above named relators, against Ristine's administrator, the appellee and Horatio R. Claypool. The complaint, in substance, alleged the following facts: The relators were legatees of Garrett Clawson, who died testate in 1876. The administrator, with the will annexed of the decedent's estate, in July 1876, filed his petition in the Fountain Circuit Court, praying for an order for the sale of the decedent's real estate to pay certain legacies provided for in the will. Such proceedings were had as resulted in an order of the court to sell said real estate. Joseph Ristine was appointed by the court as commissioner to sell the

same, and, as such commissioner, executed the bond sued upon to the State of Indiana, in the penalty of $5,000, with the appellee and Claypool as sureties, conditioned that said Ristine would faithfully discharge his duties as such commissioner. Ristine, as such commissioner, sold the decedent's real estate as ordered by the court, and collected as the proceeds of the sale $1,200, which he converted to his own use. There were other averments which made the complaint good, provided the bond sued upon was valid.

There was no provision in the decedents' act of 1852 that authorized the appointment of a master commissioner to sell real estate. The sale, without exception, was required to be made by the executor or administrator. 2 R. S. 1876, pp. from 519 to 533, inclusive; *Whisnand* v. *Small*, 65 Ind. 120. The appointment of Ristine as commissioner to make the sale was without authority of law. His appointment was void; the bond executed by him as principal, as such commissioner, and by the appellee and Claypool, as sureties, was void; the sale of real estate made by him as such commissioner was void. The relators, as Clawson's heirs or legatees, lost nothing by such sale, and the purchaser at such sale acquired no title.

In *Caffrey* v. *Dudgeon*, 38 Ind. 512 (10 Am. R. 126), Bus-KIRK, C. J., on page 516, says: "Indeed, it is the settled law of this State, that where a bond or recognizance is taken by an officer or court, acting simply under statutory power, the instrument taken must be authorized by the statute or it will be void, and in suing upon such instrument the complaint must set out the facts showing that the bond or recognizance was taken in a case where the law authorized it; and, in many cases, it must appear that it was taken exactly, or substantially in accordance with the statutory power." To the same effect were previous decisions of this court, cited in the above opinion. The case of *Caffrey* v. *Dudgeon*, *supra*, has since been adhered to. *Ham* v. *Greve*, 41 Ind. 531.

In *State, ex rel.*, v. *McLaughlin*, 77 Ind. 335, which was a suit on a guardian's bond, it was held that the court had no

authority to appoint a guardian of "unknown heirs," and that where such guardian sold real estate and converted the proceeds of the sale to his own use, he was not liable on his bond. It is said in that case: "The bond sued on shows upon its face that the pretended appointment of McLaughlin as guardian of the 'unknown heirs of Martha Gibbon,' was void. * * As, by the pretended sale of the land described in the complaint, no title passed to the purchasers, and McLaughlin, as such guardian, secured no rights by the sale, the bond was without consideration, and invalid as a common-law bond."

The complaint in the first case in which the appellant's relators obtained judgment, being upon a bond unauthorized by statute and without any consideration to make it good as a common-law bond, was bad on demurrer. The demurrer to it should have been sustained. As it was overruled the appellee's second paragraph of complaint, for review of the former judgment, on account of such error in overruling the demurrer to the complaint on which said former judgment was based, was good. The court committed no error in overruling the demurrer to the second paragraph of the appellee's complaint.

The judgment of the court below is affirmed, at the costs of the appellant's relators.