VANDEVEER
V.
MATTOCKS.

---

### VANDEVEER *v.* MATTOCKS.

A constable has authority, as a conservator of the peace, to arrest a person charged with a breach of the peace committed within his view, and to detain him a reasonable time for the purpose of taking him before a magistrate.

ERROR to the *Orange* Circuit Court.

SMITH, J.—The plaintiff in error brought an action of trespass for an assault and battery and imprisonment against the defendant in error and several other persons. The declaration contains four counts charging the trespass in several forms.

Wednesday, November 24.

The only error assigned is the overruling of a demurrer to a separate plea filed by *Mattocks.*

That plea avers that on, &c., a society or congregation of persons had assembled for the purpose of religious worship, and while actually engaged in such worship, the plaintiff refused to obey the rules adopted for the government of the assembly, but stood in the aisles or passages between the seats, refusing to remove therefrom, and made a great noise and disturbance, and thereby greatly disturbed said assembly; that the said defendant, *Mattocks,* being then and there an acting constable of said township, and being in view of the plaintiff's said breach of the peace and disturbance, for the purpose of preventing and stopping said breach of the peace and having the plaintiff before some justice of the peace of said county to answer for his said offense, arrested the plaintiff and took him into custody, and because it was then about eleven o'clock in the night-time, and an inconvenient and

Nov. Term, 1852.

unseasonable time to take the plaintiff before such justice of the peace, and because the plaintiff requested time to procure counsel to assist him on his trial or examination, the said defendant held the plaintiff in his custody for the space of an hour and a half, and until he gave an assurance that he would appear before a justice of the peace on the next day, and as soon as he gave such assurance, and upon his request, the defendant discharged him from custody; and that the plaintiff, when so arrested, and while so in custody, resisted and endeavored to escape and made an assault upon the defendants, and divers other persons attempted to rescue him out of said custody, wherefore the defendant did a little beat, &c., doing the plaintiff no more injury than was necessary to take and keep him in such custody, which are the same supposed trespasses complained of in the declaration.

We think the demurrer to this plea was correctly overruled. A constable has authority, as a conservator of the peace, to arrest a person for a breach of the peace committed within his view, and to detain the offender for a reasonable time for the purpose of taking him before a magistrate. The circumstances stated in the plea fully justify the detention for the length of time stated.

*Per Curiam.*—The judgment is affirmed with costs.

*H. P. Thornton,* for the plaintiff.

*R. Crawford,* for the defendant.