## Low *v.* Evans.

Suit for false imprisonment. Answer: that defendant was, at the time, &c., acting as marshal of the city of *Lafayette*, and as such, on view, arrested the plaintiff for violating city ordinances. Three ordinances of the city were set out, viz., one against intoxication, &c., and fixing a fine therefor, not exceeding twenty-five dollars; one against disturbing the peace of the city by loud and unusual noises, &c.; and one requiring the marshal to suppress all breaches of the peace, and arrest all persons, with or without warrant, found violating any of the ordinances of the city, in his view, and conduct them before the mayor for trial. It was averred that plaintiff was found by the marshal drunk, and disturbing the peace of the city by loud and unusual noises, on the Sabbath day, and, the mayor's Court not being in session, was conducted by him to jail, and after five hour's imprisonment was released on parole, and on the next day appeared before the mayor and was fined for drunkenness.

*Held*, that there is no statute making drunkenness a crime, or a misdemeanor; and that so far as it was an offense against the city ordinance, the statute prescribes that a penalty may be recovered in a suit at law; in collecting which, the city has the right to require the defendant to give a recognizance for his appearance, or that he remain in custody.

*Held*, also, that there is no authority for imprisoning a man for an uncertain time, because he may be subject to a penalty, to be recovered in an action in the nature of an action of debt.

*Held*, also, that if the power exists in the ministerial officer to arrest, on view, it is subject to the statutes of the State, and general known principles of law, which require the officer to take the prisoner, forthwith, before a tribunal having jurisdiction, and prefer a complaint against him.

*Monday,*
*June 17.*

APPEAL from the *Tippecanoe* Common Pleas.

HANNA, J.—*Low* sued *Evans* for false imprisonment, and averred that, without lawful authority, he seized the plaintiff;

took from him $15, his tobacco, penknife and handker-
chief, and caused him to be confined in jail twelve hours.

Defendant answered in two paragraphs; each setting up
that as to all of said trespasses, except imprisoning the plain-
tiff for five hours in the county jail, he denied; and as to
said arrest and imprisonment, that he was, at the time, acting
as city marshal, &c., and as such, on view, arrested the
plaintiff for violating city ordinances.

The first paragraph of the answer sets up an ordinance
against intoxication, &c., and fixing the fine therefor at not
exceeding twenty-five dollars; and avers that plaintiff was
drunk, in view of defendant, on *Sunday,* who arrested him,
and the Court not being in session on that day, put him in
jail, intending to bring him before the mayor on the next
day, but released him on his promise that he would appear,
&c.; that he afterward appeared, plead guilty, and was fined,
&c. The proceedings are set out, in the form of a suit in
favor of the city, a plea of guilty, and a recovery of, &c.

The second paragraph sets up the same facts, with the addi-
tion of an ordinance against disturbing the peace of the city
by making a loud and unusual noise, &c., and prescribing
that any person violating, &c., shall be fined not exceeding,
&c.; and also an ordinance making it the duty of the mar-
shal to suppress all breaches of the peace, arrest all persons,
with or without process, found violating any of the laws and
ordinances of said city, in his view, and immediately conduct
them before the mayor for trial; that he found the plaintiff
drunk, making a loud and unusual noise, &c., and thereby
breaking the peace, and arrested him, &c. It is not averred
that the defendant had a warrant for the arrest of plaintiff,
nor that the ordinances pleaded were signed by the mayor and
attested by the clerk, and the ayes and noes recorded upon
the adoption of the same. The latter part of the second par-
agraph is similar to the first, as to the imprisonment of the
plaintiff, his release, appearance and fine, the record of which
is set out, and shows the same facts set up in the first:
namely, that the proceeding was against him for drunkenness.

There was a demurrer overruled to the answer. The case
comes here upon that ruling.

The point presented is, whether, under the statute of 1857 authorizing the incorporation of cities, and the ordinances herein pleaded, the defendant was justified in arresting and imprisoning the plaintiff without warrant, as shown by the record.

The act of 1857, in question, prescribes at great length, the instances in which the mayor, &c., shall have power to pass ordinances for the government of the city; among others, *Seventh*, to preserve peace and good order, and prevent vice and immorality. Acts 1857, p. 52. It is further provided, § 38, that the council shall have power to make other by-laws and ordinances, not inconsistent with the laws of the State, and to enforce the observance of ordinances, &c., by enacting such penalties for their violation, not exceeding fifty dollars for any one offense, which may be recovered by an action at law, with costs, as they may deem right.

Sec. 40 provides, that suits shall be in the corporate name of the city, and the sums so collected paid into the city treasury; the process to be a warrant; the person arrested to be retained in custody, or under recognizance, until the next city court. Sec. 41, that if the penalty or forfeiture in which judgment is obtained is not paid, the defendant may be committed, &c. Sec. 23 provides, among other things, that it shall be the duty of the marshal to suppress all disturbances and breaches of the peace, and arrest persons guilty of the same.

It will be observed, that the statute speaks of penalties and forfeitures, in connection with the violation of by-laws and ordinances of the city, while the ordinances passed by the city of *Lafayette* prescribe fines; nevertheless, the form pursued in recovering the same is in the nature of a suit for the recovery of a penalty or forfeiture.

We are not referred to any case precisely in point, though our attention is called to that of *Vandeveer* v. *Mattocks*, 3 Ind. 479; but the difference between that case and the one at bar is, that there *Vandeveer* was arrested by *Mattocks*, a constable, for disturbing a religious society, in his view; for being guilty of a misdemeanor forbidden by statute, and for which he was liable to a prosecution in the

name of the State, on the criminal side of the Court. In this case, there is no statute making drunkenness a crime, or misdemeanor. The act was an offense against a city ordinance, for which the statute prescribed that a forfeiture, or penalty, might be recovered in a suit at law.

It is true, the city has the advantage, in a proceeding to collect the penalty, of requiring the defendant to give a recognizance for his appearance, or that he shall remain in custody; but it appears to us, that it would be a very strained construction of the statutes in question, so to interpret them as, in effect, to vest in the hand of every one clothed with a "little brief authority," the power, as a ministerial officer, of his own volition, not only to determine as to whether a citizen shall be arrested, but also as to the time when he shall enjoy liberty, or how long he shall suffer imprisonment. All statutes in derogation of liberty should be strictly construed. When those in question are tested by that rule, we are at a loss to see any authority for thus imprisoning a man, for an uncertain time, because he may be subject to a penalty, to be recovered by an action in the nature of an action of debt. If the power exists in the ministerial officer to arrest, on view, it is subject to the statutes of the State, and to general and known principles of law. By these, it would be the duty of the officer to take the prisoner, forthwith, before a tribunal having jurisdiction, and prefer a complaint against him. Prison doors do not fly open, in this country, at every touch of a mere ministerial officer, however worthy the motive may be that may operate upon him; much less should they be under his sole control, if he was subject to act wantonly, or from an improper motive, which we do not intimate was the case in this instance.

The demurrer should have been sustained.

*Per Curiam.* — The judgment is reversed, with costs. Cause remanded, &c.

*D. Mace*, for the appellant.

*John S. Williams* and *Thos. B. Ward*, for the appellee.