PATRICK GREEN, Respondent, v. JOHN A. KENNEDY, Appellant.

(Argued May 10, 1871; decided September term, 1871.)

ACTION for assault and battery and false imprisonment.
Plaintiff was arrested by a police officer of the eighth ward station-house in the city of New York, for passing liquor to

a prisoner; was taken to the office of defendant, who was general superintendent of the police department. Defendant directed the officer to take the prisoner back and lock him up. He was imprisoned eight days, and then released on habeas corpus. Two witnesses testified to offers of bail and defendant's refusal to accept it. The charge of assault and battery related to the original arrest.

Defendant moved to dismiss complaint: 1st. So far as the charge of assault and battery was concerned, on the ground that it did not appear that he authorized or ratified it, or in any manner was cognizant of it. 2d. So far as the charge for the original arrest was concerned, upon the same grounds. The motion was denied. The judge charged that the original arrest was lawful, and that the wrong, if any, commenced after plaintiff was taken to defendant. The judge charged that it was the duty of defendant to have ordered plaintiff to be taken immediately before a magistrate; that if he ordered him imprisoned he was liable, with the exception that he might have ordered him detained until he could be taken before the nearest magistrate; also, that if the jury was satisfied, from the evidence of the two witnesses, that they made known to defendant the fact that plaintiff was still incarcerated, it increased the aggravation of the offence. *Held*, no error; that the charge of the judge was in effect a compliance with the request as to the assault and battery, as it excluded from the consideration of the jury the original arrest, and all that was done prior to plaintiff being taken to defendant; that it was the duty of the officer making the arrest to convey the prisoner immediately before the nearest magistrate; and that when defendant, whether with or without authority, gave any directions in the matter, it was his duty to have directed a compliance with, not a violation of, the statute; and that knowledge of the continuance of the confinement was an aggravation of the offence.

*A. J. Vanderpoel* for the appellants.

*S. Horsford* for the respondent.

Lott, Ch. C., reads for affirmance.
All concur, except Leonard, not sitting.
Judgment affirmed, with costs.