## SCIRCLE *v.* NEEVES.

TOWN.—*Authority of Marshal to Make Arrest.*—The marshal of a town is authorized to arrest, without a warrant, a person who is violating an ordinance of the town in his presence or view, whether the ordinance expressly authorizes him to do so or not.

PLEADING.—*Answer.—Action for False Imprisonment.*—An answer of justifica-

tion, in an action for false imprisonment, sufficiently identifies the imprisonment justified if it is stated to be the same imprisonment complained of by the plaintiff.

TOWN.—*Arrest by Marshal.—Authority to Detain Prisoner.*—If a person is arrested·by the marshal of a town for the violation of an ordinance, at eleven o'clock at night, the marshal is not required to take the offender before a' justice of the peace that night. And especially is this the case if the prisoner is so intoxicated as not to be conscious of what is occurring. In such case the prisoner may be detained until the next day, and until in a condition to be taken before a justice of the peace.

From the Clinton Circuit Court.

*L. McClurg* and *J. V. Kent,* for appellant.

*S. H. Doyal, P. W. Gard,* and *A. E. Paige,* for appellant.

DOWNEY, J.—This action was brought by the appellant against the appellee for false imprisonment. The defendant, among other paragraphs of answer, pleaded the following, viz.: ·

" And for further answer, defendant says that on the 8th day of July, 1873, the defendant was marshal of the town of Frankfort," etc., " duly appointed, qualified, and acting as such; that at that date there was an ordinance in force, passed by the board of trustees of said town, and duly signed by the members· of said board, and attested by the clerk of said town, entitled 'an ordinance prohibiting the disturbance of the peace and other misdemeanors in the town of Frankfort,' " etc., " passed by the board of trustees of said town at a meeting held February 5th, 1873, a copy of which ordinance is filed herewith, and made part of this answer; that at the date mentioned in the complaint, to wit," etc., " the plaintiff was found by defendant, within the corporation of said town of Frankfort,· at the hour of eleven o'clock, on the night of said 8th day of July, 1873, in a state of gross intoxication, so that he was unable to walk or stand without support from some other person; that when so found by this defendant· plaintiff was prostrated on the sidewalk of said town from the effects of intoxicating liquors; that in pursuance of his duties as marshal of said town, and in obedience to the ordinance aforesaid, defendant arrested plaintiff and conveyed him to the place designated and used by order of said board

of trustees for the safe-keeping of persons guilty of a violation of the ordinances of said town; that at the time of making said arrest and incarceration, plaintiff was in such a state of intoxication as to be entirely unconscious of any acts then transpiring; that as soon as plaintiff was in a condition to be taken before a justice of the peace to answer for said violation of the ordinance aforesaid, the defendant did take him before Joseph Baum, a justice of the peace of said town, and then and there file an affidavit, charging the plaintiff with said violation of said ordinance, to which said charge the plaintiff pleaded guilty, and was fined," etc., "as shown by a certified transcript of the proceedings herewith filed."

The defendant further states that he used no more force or violence in making the said arrest than was necessary to convey the plaintiff to said jail; and that this is the imprisonment complained of by the plaintiff.

A demurrer was filed by the plaintiff to this paragraph of the answer, and overruled by the court. This is the only error alleged and relied upon. The ordinance, omitting the title, etc., is as follows:

"Any person or persons who shall hereafter be guilty of drunkenness within said corporation, or shall be guilty of disturbing the peace and good order of said town, or any of the inhabitants thereof, by rioting, fighting, or offering to fight, or by loud, boisterous, profane, or indecent language in said town, shall, upon conviction thereof, be fined in any sum not less than one nor more than five dollars, for each and every such offence, to be recovered before the proper justice of the peace of said town, and the marshal of said town is hereby required to be vigilant in enforcing the provisions of this section, and bringing all the offenders before the proper officer."

The first objection to the paragraph of the answer in question is, that the ordinance set out does not authorize the marshal to arrest offenders against it on view, and that a marshal can not arrest upon view unless the ordinance expressly

empowers him so to do ; that this ordinance requires him to
be vigilant in bringing offenders before the proper justice,
but he can not know that a party is an offender unless
informed by a warrant directed to him.   The statute relating
to the duties of the marshal of an incorporated town pro-
vides :  " The marshal of such town shall possess the powers
and be subject to the liabilities possessed and conferred by
law upon constables, in executing the orders of the trustees,
or enforcing the by-laws and ordinances of said town."  The
law confers upon constables, among other powers, the power
to act as conservators of the peace and to apprehend and
take forthwith before the nearest justice all who violate the
law in their presence, and then charge them with such vio-
lation on oath.

The statute first quoted authorizes the marshal, in the
enforcement of the ordinances, to do what a constable may
do in the enforcement or for the violation of the laws, and
the law next referred to shows that a constable may arrest
those who violate the law in his presence.   Putting the two
statutes together, we think they authorize the marshal of a
town to arrest a person who is violating or who violates an
ordinance of the town in his presence or view, whether the
ordinance expressly authorizes him to do so or not.   The
plaintiff was found drunk, at eleven o'clock at night, on a
sidewalk in the town, was arrested, and put in the town jail,
until he was sober enough to be taken before the justice of
the peace, to be tried for a violation of the ordinance, when
the proper charge was made against him, to which he pleaded
guilty.   There is probably not a city or town in the State,
making any pretence to proper municipal government, that
has not an ordinance in substance the same as this, and whose
police officers do not constantly arrest, lock up, and after-
ward carry before the courts persons who violate its pro-
visions.   Such persons must learn that society has the right
to protect itself against the evil influences of their example,
and that they are proper objects of municipal legislation,

arrest, and punishment. We are clearly of the opinion that there is no good ground for the objection urged.

It is further objected that the second paragraph of the answer is bad, for the reason that it does not identify the imprisonment justified with that mentioned in the complaint. It alleges that the imprisonment justified "is the imprisonment complained of by the plaintiff." This is sufficient to identify the imprisonment mentioned in the second paragraph of the answer with the false imprisonment mentioned in the complaint.

It is also urged that if the marshal had the authority to arrest the plaintiff, he should have taken him forthwith before the justice of the peace, and charged him upon oath with the violation of the ordinance. The duty to take the offender forthwith before the justice did not require the marshal to take his prisoner before the justice of the peace at so late an hour as eleven o'clock at night, and especially as the appellant was so much intoxicated as not to be conscious of what was passing. The answer alleges that the marshal did take him before Joseph Baum, a justice of the peace of said town, "as soon as the plaintiff was in a condition to be taken before a justice of the peace," etc., and the copy of the justice's proceedings shows that it was on the 9th of July, which was the next day. There was no ground for an action for false imprisonment under the circumstances. *Boaz* v. *Tate,* 43 Ind. 60.

There is no other question in the case.

The judgment is affirmed, with costs.