### NEALIS ET AL. *v.* HAYWARD.

|   48 |  19 |
| 134 | 59 |
|   48 |  19 |
| 148 |  21 |
|   48 |  19 |
| 161 | 229 |

TOWN.—*Marshal of Town.—Arrest on View.—False Imprisonment.*—A marshal of an incorporated town of this State may arrest on view for a violation of an ordinance, and is not liable in damages for false imprisonment merely because he made the arrest without warrant.

SAME.—*Streets.—Fast Driving on Streets.*—An incorporated town is authorized

by statute to prohibit, by ordinance, riding or driving in its streets faster than an ordinary trot, and to inflict a fine therefor.

SAME.—*Ordinary Trot.*—An ordinance of an incorporated town of this State inflicting a fine upon any person who shall wilfully, etc., ride or drive animals on its streets "faster than an ordinary trot," is authorized by statute, and is not unreasonable, and the description of the gait is not vague or uncertain.

From the Clinton Circuit Court.

A. J. *Boone*, R. W. *Harrison*, A. E. *Gordon*, and C. S. *Wesner*, for appellants.

PETTIT, J.—This suit was brought by the appellee, Henry J. Hayward, against the appellants, James Nealis and John R. Crigler. Nealis was the marshal of an incorporated town, and Crigler was a justice of the peace in, and having the power to try and punish for all violations of the ordinances of, the same town, and the suit was for false imprisonment. The defendants answered separately in justification of the arrest and imprisonment. Demurrers for want of sufficient facts were sustained to these answers.

It is urged that this ruling was right, first, because the marshal had no right to arrest on view a person violating an ordinance of the town without a warrant. On full consideration, we have decided the reverse of this proposition. *Scircle* v. *Neeves*, 47 Ind. 289.

A marshal of a town has the same power and right to arrest on view, for a violation of an ordinance, as a constable has for the violation of a law of the State. 1 G. & H. 629, sec. 42.

It is claimed that the town had no power to make the following section of an ordinance:

"Any person who shall wilfully or intentionally ride an animal, or drive a wagon, carriage, or vehicle of any kind, with an animal or animals attached thereto, faster that an ordinary trot, except upon urgent business for humane purposes, in said town, upon conviction thereof, shall be fined in any sum not more than five dollars."

We think and hold that the following provisions of our statute fully warrant and authorize the passage of this ordi-

nance: 1 G. & H. 623, sec. 22, fourth, sixth, and sixteenth clauses, and 1 G. & H. 625, sec. '23.

It is claimed that, if the town had power to pass the ordinance, it is void for uncertainty, vagueness, and unreasonableness. We do not think so. "An ordinary trot" is easily shown by proof, and is well understood by any man who has seen horses exercise or trot. Nor was the ordinance unreasonable. A town like and as large as Lebanon, Boone county, Indiana, ought to be protected against fast, reckless, and rash driving in its streets, where men, women, and children are often in a helpless condition passing.

We hold that the court below erred in sustaining the demurrers to the separate answers of the defendants.

There are other questions raised in the after-part of the record, but we do not pass on them, because, if the court had properly ruled on the sufficiency of the answers, they would not have been in the record.

The judgment is reversed, at the costs of the appellee, with instructions to overrule the demurrers to the separate answers of the defendants.