## WESER v. WELTY.

[No. 2,005.    Filed Sept. 17, 1897.    Rehearing denied Dec. 15, 1897.]

CRIMINAL LAW.—*Authority of Policeman to Make Arrest Without Warrant.*—A policeman of a city has authority to arrest, without a warrant, a person violating a criminal statute of the State in his presence or view.   *p. 669.*

PLEADING.—*Answer.*—*False Imprisonment.*—An answer in justification to a complaint for false imprisonment, sufficiently identifies the arrest and imprisonment justified, if it is stated in the answer to be the same imprisonment complained of by plaintiff.   *pp. 669, 670.*

SAME.—*Answer.*—*Confession and Avoidance.*—*Duplicity.*—An answer, admitting certain facts averred in the complaint, alleging new matter in avoidance or justification thereof, and denying all other material allegations of the complaint, is not bad for duplicity.   *pp. 670-672.*

From the Tipton Circuit Court.   *Affirmed.*

*B. C. Moon* and *Conrad Wolf,* for appellant.

*F. N. Stratton, J. C. Blacklidge* and *C. C. Shirley,* for appellee.

WILEY, C. J.—The appellant prosecuted this action against the appellee for alleged false imprisonment. The complaint is in four paragraphs, and is very voluminous, but as no question is raised as to its sufficiency we need not refer to it further.   The appellee answered in two paragraphs.   First, general denial, and second, confession and avoidance, or, more properly, justification.   The appellant challenged the sufficiency of the second paragraph of answer by a demurrer, which was overruled and an exception reserved.   The appellant replied by a general denial, and thereupon appellee withdrew his first paragraph of answer.   Trial by jury and verdict and judgment for appellee.

Appellant has assigned as error the overruling of his demurrer to the second paragraph of answer, and the overruling of his motion for a new trial.

The facts disclosed by the record upon which appellant bases his action are, briefly, as follows: Appellant was the agent of a brewing company that maintained a branch of their business at Kokomo, from whence beer was distributed to dealers in Kokomo and surrounding towns. On November 6, 1894, being the day of the general State election, appellant accompanied by one Kelso went with his wagon to the place where the beer was stored, for the purpose of shipping some of his goods to Greentown to fill an order for a sale which he claimed to have made the previous day. While he was loading the beer on his wagon, appellee, who was a police officer of the city of Kokomo, came up and arrested him on the pretense of having seen him give a bottle of beer to said Kelso. Upon the arrest being made the appellee commanded appellant to accompany him to the mayor's office to answer the charge of unlawfully giving away, at a prohibited time, intoxicating liquor. Appellant did accompany appellee to the mayor's office, but the mayor was not in. Appellee then went to the office of one DeHaven, a justice of the peace, but he was also absent. The appellant then objected to being held in custody on the public streets, and refused to go to the office of any other justice of the peace or magistrate having jurisdiction of the misdemeanor charged. Appellant then refused to accompany appellee longer and became somewhat belligerent, but did not commit any violence upon appellee. Appellee then called to his assistance another policeman and together they took him to the county jail, committed him to the custody of the jailer and he was incarcerated therein. Appellee then went before the mayor, filed an affidavit against appellant for a violation of the liquor law. The mayor issued a warrant, placed it in the hands of appellee for service. Appellee went to the jail and

served the warrant and took appellant before the mayor, where he gave bond for his appearance. The cause was never prosecuted against the appellant to judgment, the same having been dismissed by the prosecuting attorney. Appellant was in jail about one hour.

It is contended upon the part of counsel for appellant, and with much earnestness, that the second paragraph of appellee's answer is fatally defective, and that we may pass upon the question presented, we deem it expedient and necessary to copy the material averments thereof. The answer avers that the appellee was a regularly appointed and acting police officer of the city of Kokomo; that the appellant was a keeper of a place where intoxicating liquors were stored, and from which they were distributed to dealers; that on the 6th of November, 1894, that being the day mentioned in the complaint, was the date of the regular general election for State and county officers; that about 7:30 o'clock a. m. of said day the appellant, in the presence and view of appellee, unlawfully and wrongfully gave to one, Frank Kelso, a bottle of lager beer to be then and there drank as a beverage; that among said defendant's duties, under the instructions of the common council and the mayor of said city, was that of arresting all persons found violating any law of the State of Indiana in his view, including offenses against the laws of said State in restraint of a sale and the giving away of intoxicating liquors; that upon said appellant giving said liquor to said Kelso, appellee arrested him and took him into custody under and by virtue of his duty and authority as a public officer, and took him to the office of the mayor of said city, he being the magistrate nearest to the point where said arrest was made, having jurisdiction of such offenses, but that said mayor was not at his office; that said

appellee then visited the office of one DeHaven a justice of the peace whose office was in the immediate vicinity of the said mayor's office, but he, also, was found absent; that thereupon the appellee proceeded with appellant to one, Moreland, the only magistrate in said city other than the two already mentioned, with the purpose and intention of taking him before said Moreland and making the proper charges against him, but that before reaching said Moreland's office said Weser refused to farther accompany him, violently resisting his efforts to conduct him before said magistrate; that he then called to his assistance one, Taylor, another police officer, and that the combined services of the appellee and said Taylor were required to overcome the physical resistance of said Weser. We quote literally from the answer the following: "That after said plaintiff Weser had offered such resistance and while struggling with him to control and maintain his custody, said officers, using no more force than was absolutely necessary to prevent the escape of said Weser and in order to secure said Weser until a magistrate could be found before whom such charge could be made, defendant and said Taylor did conduct and incarcerate plaintiff in the county jail for a brief period, said jail being near the point where said struggle occurred with said Weser; that defendant did not know whether said Moreland was in his office or not, and believed at the time that owing to the early hour and the fact that an election was about to occur that it would be exceedingly doubtful whether he could be found at that time; that the services of himself and said Taylor were required constantly on the streets and at the polling places of said city during said morning to insure the peace and quiet of said city, and with the resistance he was offering it would have required much time and rough treatment of said pris-

oner to have taken him to said Moreland's office, which was situated on the upper floor of a building in said city, reached only by a long, narrow flight of stairs; that for the reasons aforesaid said defendant believed then, and now avers the fact to be, that in order to better subserve the peace of said city, and to avoid inflicting personal punishment upon said Weser, which would have been necessary in order to protect defendant and said Taylor from assault, had he not been confined in said jail, he was incarcerated therein as aforesaid."

The answer then avers that immediately after appellant was locked in said jail appellee proceeded to ascertain the whereabouts of the most convenient magistrate in order that appellant might be released from confinement at the earliest possible time, and that in a very short while he found said mayor at his office and filed an affidavit charging appellant with having given away said intoxicating liquors as aforesaid in violation of law. The answer then concludes as follows: "That after said affidavit was duly filed and a warrant issued thereon and delivered to said defendant, he immediately served the same upon said plaintiff at said jail, and conducted him before said mayor, to enable him to answer said charge; that the whole period of his confinement in said jail did not exceed one hour, and was not longer than was necessary to procure a warrant from said magistrate as aforesaid; that said charge was afterwards dismissed by the prosecuting attorney, no trial as to the guilt or innocence of the plaintiff being had. And said defendant denies each and every allegation of the complaint not herein admitted. Wherefore he says he was justified in making the arrest of plaintiff complained of."

In his answer the appellee seeks, upon the facts stated, to justify the acts of which appellant com-

plains. It is evident that, if the answer is insufficient to justify, it is not good for any purpose. While it is true the answer denies each and every material allegation of the complaint not herein admitted, such allegation is not sufficient to make it a good general denial to the whole complaint, for a general denial must controvert every material allegation of the pleading to which it is addressed.

Under section 1771, Burns' R. S. 1894 (1702, Horner's R. S. 1896), a policeman is a peace officer and is authorized to "arrest and detain any person found violating any law of this State, until a legal warrant can be obtained."

The answer avers that the appellant, in the presence and view of appellee, violated a criminal statute of the State and under the great weight of authority he was authorized and empowered to make the arrest. *Vandeveer* v. *Mattocks*, 3 Ind. 479; *Boaz* v. *Tate*, 43 Ind. 60; *Scircle* v. *Neeves*, 47 Ind. 289; *Doering* v. *State*, 49 Ind. 56; *Wiltse* v. *Holt*, 95 Ind. 469.

From these authorities and what we have said, it is plain that the answer states sufficient facts to justify appellee in making the arrest.

This brings us to a consideration as to whether the facts averred in the answer are sufficient to justify appellee in incarcerating appellant in jail until a warrant could be procured commanding his arrest. The answer avers that appellee first took appellant to the office of the mayor who was absent; that he then went to the office of one, DeHaven, a justice of the peace, who was also absent; that he then proceeded with appellant in the direction of the office of one Moreland, the only remaining magistrate in said city, for the purpose of making the proper charge against him, but he refused to accompany him and violently resisted so that he had to call assistance; that it was early in the

morning and he did not believe said Moreland was in his office, and to better preserve the peace and protect himself and Taylor from assault and violence, he incarcerated him in jail.

Appellant contends that the answer is fatally defective because it does not appear by affirmative allegations that the arrest which the answer seeks to justify is shown to be the arrest and imprisonment charged in the complaint. This contention is wholly technical and we think without merit. The answer closes with the following: "Wherefore he says he was justified in making the arrest and causing the imprisonment of the plaintiff complained of."

This is a sufficient identification of the acts charged against the appellee as stated in the complaint. In *Scircle* v. *Neeves, supra,* the same question was raised and decided adversely to appellant.

In *Scircle* v. *Neeves, supra,* Downey, J., speaking for the court, says: "It is further objected that the second paragraph of the answer is bad, for the reason that it does not identify the imprisonment justified with that mentioned in the complaint. It alleges that the imprisonment justified 'is the imprisonment complained of by the plaintiff.' This is sufficient to identify the imprisonment mentioned in the second paragraph of the answer with the false imprisonment mentioned in the complaint."

In the case at bar, appellee in his answer says that he was justified in making the arrest and causing the imprisonment complained of. The answer is addressed to the whole complaint and it would be critically technical to hold in view of the language used that the arrest and imprisonment complained of were not sufficiently identified by the answer.

Another objection urged to the answer is that it is double; that is, it is both an answer of confession and

justification and a special denial. This objection is not well taken.

Mr. Works in his excellent treatise on practice and pleading, at page 379, paragraph 589, says: "The rule is firmly settled that the same paragraph of answer should not both confess and avoid and deny the same allegations in the complaint. This would be a plain violation of the rule that the defenses must be separately stated and numbered. It frequently occurs in practice, however, that the defendant may deny and disprove some of the facts stated as a cause of action, while, as to others, they can only be met by matter in avoidance.

"Where this occurs, and both the facts that are true and those not true are material to the cause of action, the defendant may, in the same paragraph, set up matter in avoidance of that which is true and deny that which is false. This is necessary in order to constitute a defense to the entire cause of action, and is in fact but a single defense. But where the general denial is pleaded it necessarily puts in issue all matters in the complaint that are not true, and the answer in avoidance may be pleaded to such part as may be true. This would meet the entire complaint, but the safer practice is to meet the whole complaint in the one paragraph by denying a part and pleading new matter as to the residue. Where this is done, however, the pleader must confine the matter in avoidance, in terms, to that part of the complaint it is intended to meet, and the denial should go in general terms to every other material allegation of the complaint." See also Iglehart's Prac., p. 64, sec. 52.

The answer under consideration confesses certain facts charged in the complaint and seeks to escape legal liability by averring facts in avoidance or justification.

After stating the facts confessed, the answer contains the following: "And said defendant denies each and every material allegation of the complaint not herein admitted." This does not make the answer bad. *State, ex rel.,* v. *St. Paul, etc., Turnpike Co.,* 92 Ind. 42, is directly in point and decisive of the question involved. We quote the following: "An objection urged against the fourth and fifth paragraphs of the answer is that they do not admit or deny all the facts complained of; that a paragraph in an answer cannot be good which both admits and denies the facts charged. Where one paragraph of a pleading both admits and denies the same alleged facts, it contains a contradiction in terms and is bad. But this rule does not require a party to admit all the facts alleged, in order to admit some of them, nor to deny all the facts alleged in order to deny a part of them. He may admit such facts as he believes to be true, and excuse or avoid them, and deny the alleged facts that he believes are not true.

"In these paragraphs of the answer the appellees admit certain facts averred in the complaint, allege new matter in avoidance thereof, and deny all the other allegations of the complaint not therein admitted. This is sufficient pleading; the objection is not well taken." *Carter* v. *Ford Plate Glass Co.,* 85 Ind. 180, is in accord with the doctrine announced by the above quotation.

It follows from what we have said and the authorities cited, that the answer was sufficient to withstand the demurrer, and that there was no error in overruling it.

The second assignment of error calls in question the action of the court in overruling appellant's motion for a new trial. The appellant alleged eighteen reasons in his motion for a new trial in which he ques-

tions the ruling of the court in the admission and rejection of certain evidence, and also the giving of certain instructions tendered by the appellee and refusing to give other instructions tendered by appellant. Among other reasons assigned in the motion for a new trial was that the verdict was not sustained by the evidence. We have examined the evidence with much care, and while there is a sharp conflict upon some material questions, we think it fairly tends to support the verdict. The evidence admitted over the objection and exception of the appellant is of such an immaterial character that it could not in any event affect the result reached.

The instructions, taken as a whole, fairly state the law, and we cannot say that there was any substantial error in giving the instructions complained of or refusing to give those tendered by the appellant.

Judgment affirmed.