## BALTIMORE & OHIO SOUTHWESTERN RAILROAD COMPANY *v.* HOLLENBECK.

[No. 20,068.    Filed November 24, 1903.]

EXEMPTION LAWS.—*Extraterritorial Force.—Common Law.—Presumption.*—The exemption laws of Indiana have no extraterritorial force or effect, and it will be presumed on an appeal in which a judgment of a sister state was pleaded as a partial defense to the action, in the absence of any showing to the contrary, that the common law rule upon such subject prevailed in the sister state.

From Jennings Circuit Court; *Willard New,* Judge.

Action by Fred Hollenbeck against the Baltimore & Ohio Southwestern Railroad Company. From a judgment for plaintiff, defendant appeals    *Reversed.*

*Edward Barton, O. H. Montgomery, H. D. McMullen, H. R. McMullen* and *C. W. McMullen,* for appellant.
*Lincoln Dixon* and *S. A. Barnes,* for appellee.

JORDAN, J.—This action was commenced by appellee before a justice of the peace in the city of Seymour, Jackson county, Indiana, to recover of appellant railroad company the sum of $42.18, wages alleged to be due him

from the company on account of labor performed upon its roadbed in said county and State. In addition to this amount, appellee sought to recover a penalty and attorney's fees as provided by §§7056, 7057 Burns 1901, Acts 1885, p. 36. Appellant appeared before the justice of the peace and filed an offer to confess judgment for $11.75, which amount, it claimed, was all that was due and unpaid to·appellee. Upon a trial a judgment was rendered by the justice in the sum of $52.18. Ten dollars of this amount was allowed as attorney's fees. Appellant appealed to the Jackson Circuit Court, from which the cause was venued to the Jennings Circuit Court, wherein, on a trial by jury, appellee was awarded the sum of $67.18. This amount included $25 attorney's fees. Over appellant's motion for a new trial judgment was rendered against it for the amount assessed by the jury. Appellant, in the circuit court, filed a special answer whereby it set up as a partial defense that it had been garnisheed upon the same indebtedness in a proceeding before a justice of the peace in the state of Kentucky, and had been required thereby to pay the judgment of garnishment rendered in said claim. This answer was held sufficient on demurrer.

The facts introduced in support of the issue tendered by this answer are as follows: Appellant is a railroad corporation, owning and operating a railroad for the transportation of passengers and freight. Its road extends into the states of Indiana, Kentucky, Illinois, and Ohio. In the city of Louisville, Kentucky, it has and maintains an office, with an agent therein for the transaction of its business. Appellee was a resident householder of Jackson county, Indiana; said county being one through which appellant's line of railway passed. It seems to be conceded that on and prior to the 30th day of January, 1901, appellant was indebted to the appellee in the sum of $35.45 as wages for labor performed by him upon its

roadbed in the State of Indiana. Prior to the said 30th day of January, appellee was indebted to a resident citizen of Jackson county, Indiana, which indebtedness was evidenced by certain promissory notes executed by him in this State, and payable therein. These were assigned by the payee, by indorsement, to one Bartels, a citizen and resident of the city of Louisville, Kentucky. He, as the holder of these notes by assignment, on January 30, 1901, duly instituted thereon proceedings in attachment and garnishment, under and in pursuance of the laws of the state of Kentucky against appellee, as the principal defendant, in the court of a justice of the peace of said city of Louisville, upon the ground that appellee (defendant therein) was not a resident of the state of Kentucky, and was absent from said state. Appellant was made a garnishee defendant in said action before the justice, and appears to have been duly notified and summoned as such in accordance with the laws of the state of Kentucky. Immediately after being garnisheed in the proceedings in question, it delivered or caused to be delivered to appellee a written notice apprising him of that fact, and notifying him of the place where and before what justice the action was pending, and the time the cause would be heard, and further informed him that it would only make such a defense as was necessary for its protection, and advised him, if he had any defense to the action, to appear and assert the same. It is disclosed that appellee received this notice on the 7th day of February, 1901, and that the judgment in the action of garnishment was not finally rendered until May 10 following. In addition to this personal notice which appellee received, there was a warning order issued to him in said proceedings by the justice of the peace and duly served, as required by the laws of the state of Kentucky. It appears that appellant filed its answer before the justice, and admitted that it was indebted to appellee in the sum of $35.45; alleging that

the amount was due to him as wages earned by him in the State of Indiana while in the employ of said company. The answer further averred that the railroad company was a foreign corporation—a common carrier; that appellee was a resident householder of the State of Indiana, and was at the time in the employ of appellant; and that, under the laws of said State, the wages of all persons in the employ of any person or corporation were exempt from garnishment, etc. Appellee failed to appear in said action, and was defaulted, and judgment was rendered therein against him and appellee, whereby it was ordered and adjudged that the plaintiff in said action recover the sum of $28.35; and it was further ordered by the justice that appellee pay said amount into court, to be applied on the claim of plaintiff therein. Appellant complied with this order, and paid the money into court, and was thereupon discharged by the justice from all further liability in said action. The amount so paid by appellant was a part of the wages recovered by appellee in the case at bar.

The issue tendered by appellant under its answer in regard to the proceedings and judgment before the justice of the peace in the state of Kentucky is fully sustained by the evidence. The evidence upon this issue consisted of a certified transcript of the judgment and proceedings before the justice of the peace in the matter of garnishment and of the statutes of that state, and thereby established, beyond any conflict whatever, that the justice had jurisdiction of the *res* or subject-matter in that proceeding, and that all of the necessary steps in accordance with the laws of that state had been taken in the action to invest the justice with full and complete jurisdiction over all of the parties.

There is nothing in the record tending to disclose that appellee's wage claim herein was exempt under the statute of Kentucky, and, in the absence of such a showing, we

must presume that the rule of the common law upon this point prevailed in that jurisdiction. The exemption laws of Indiana have no extraterritorial force or effect; hence they could not avail appellee in the state of Kentucky. There is an entire absence of any showing that appellant failed to disclose any defense of which it had knowledge to the court in the proceedings before the justice of the peace in the latter state.

Appellant's counsel contend that the decision of the lower court, under the undisputed evidence, is contrary to law, because it does not give full faith and credit to the records and judicial proceedings of the state of Kentucky, as they are entitled to by virtue of §1, article 4, of the federal Constitution. The amount in controversy in this case being within the jurisdiction of a justice of the peace, therefore, under the act of March 12, 1901, it is appealed directly to this court for the determination of such constitutional question, and for that purpose only. It is contended by appellant's counsel that under the facts the decision of this question must be ruled by the holding of this court in *Baltimore, etc., R. Co.* v. *Adams,* 159 Ind. 688, 60 L. R. A. 396. In this contention we concur. Appellant in this case was appellant in that appeal, and the two cases are to all intents and purposes identical. In that case this court, in passing upon the questions therein presented, among other things, said: "We need not here undertake to state the measure of the garnishee's duty in all cases, but it may be said, so far as the main action is concerned, that where the principal defendant has personal knowledge of the suit the former is not bound in any event to go further than to look to the jurisdiction, act fairly, and make a full disclosure."

Counsel for appellant seek to have us consider and determine the validity of §§7056, 7057 Burns 1901, under which it is claimed appellee was allowed to recover attorney's fees in this case. We can not determine that

question, for the reason that it is not duly presented for our decision, because the facts averred in the complaint are not sufficient to bring the case within the provisions of said sections. See *Baltimore, etc., R. Co.* v. *Harmon, ante,* 358.

It follows that the court erred in overruling appellant's motion for a new trial, for which error the judgment is reversed, and the cause remanded to the lower court, with instructions to grant appellant a new trial, and for further proceedings not inconsistent with this opinion.