## FRED GEIGER AND SONS v. SCHMITT.

### [No. 23,137. Filed May 18, 1917.]

1. MUNICIPAL CORPORATIONS.— *Ordinance.*— *Certainty.*— *Construction.*—An ordinance to be valid must be precise, definite and certain in expression, but the courts will not, by construction, defeat the purposes and objects intended by an ordinance where it is sufficiently definite to be understood with reasonable certainty. p. 294.

2. MUNICIPAL CORPORATIONS.—*Ordinance.*—*Certainty.*—*Validity.* —A municipal ordinance providing that "no horse shall be left unattended unless securely fastened, or unless the wheels of the vehicle to which it is harnessed are securely tied, fastened or chained, and the vehicle is of sufficient weight to prevent it being dragged at a dangerous speed with the wheels so secured," is not void for indefiniteness, as the language employed can be understood with reasonable certainty. pp. 295, 296.

3. MUNICIPAL CORPORATIONS. — *Ordinance.* — *Reasonableness.* — *Hitching Horses in Street.*—*Power of City.*—A municipal ordinance requiring that horses left standing in a street or highway be securely fastened is a reasonable regulation for the

safety of others using the streets, and the enactment of such an ordinance was within the power of the legislative body of the city.   p. 296.

From Vanderburgh Superior Court; *F. M. Hostetter*, Judge.

Action by Alvin J. Schmitt against Fred Geiger and Sons.   From a judgment for plaintiff, the defendant appeals.   *Affirmed.*

*Albert W. Funkhouser, Arthur F. Funkhouser, Robert D. Markel* and *Albert C. Funkhouser*, for appellant.

*O. R. Luhring* and *A. C. Hawkins*, for appellee.

MYERS, J.—Appellant prosecutes this appeal from a judgment in favor of appellee for $125 on account of damage to his motorcycle.   On April 29, 1915, appellee left his motorcycle standing at the north curb line, between Sixth and Seventh streets on Main street in the city of Evansville, which is alleged to be one of the principal business thoroughfares, and most congested by travel, in said city.   Appellant, as the complaint alleges, on said date did carelessly and negligently leave one of its wagons or moving vans with a span of horses harnessed thereto without being hitched, chained, tied or fastened, and unattended, near Eighth street and on the north side near the curb line of said Main street, in violation of §9 of a certain ordinance then and there in force in said city, which ordinance is entitled:

"An Ordinance to regulate the use of streets and highways by vehicles, to regulate traffic and travel thereon, and imposing penalties for the violation thereof."

Section 9, in so far at it is material here, reads as follows:

"No horse shall be left unattended in any street or highway unless securely fastened, or unless the wheels of the vehicle to which it is harnessed are

securely tied, fastened or chained, and the vehicle is of sufficient weight to prevent it being dragged at a dangerous speed with the wheels so secured."

Section 13 fixes the penalty at not less than $5 nor more than $25 for each offense. The complaint further alleges that without appellee's fault the horses became greatly frightened and ran away, causing said wagon to run against and over the motorcycle to its damage.

The only error assigned and not waived is the overruling of appellant's motion for a new trial. Under this assignment the only points made by appellant challenge the validity of the ordinance. Appellant asserts that the ordinance is void for the reason that it is indefinite, vague and uncertain; that the phrases "securely fastened", "securely tied, fastened or chained", "of sufficient weight to prevent it being dragged", and "at a dangerous speed," are not technical phrases having a peculiar and appropriate meaning in law, and are to be taken in their plain, ordinary and usual sense; that they are all comparative terms, without definition or standard of comparison fixed by the ordinance.

Meeting the question presented, it may be stated as a general rule that one of the requisites of a valid ordinance requires that it be precise, definite and

1. certain in expression. However, it is well settled that courts will not, by construction, defeat the purposes and objects intended by an ordinance, if it is sufficiently definite to be understood with reasonable certainty. *Smith* v. *City of New Albany* (1910), 175 Ind. 279, 93 N. E. 73. Horr & Bemis, Mun. Ordinances §78. Ordinances ordinarily are not carefully drawn, and but few would stand a hard and fast rule of construction. While the rules applicable to the construction of statutes may be applied to the construction of ordinances, yet the courts in many instances have held that ordinances are specially entitled to a

more reasonable construction, because they are usually less carefully expressed than other laws. Horr & Bemis, Mun. Ordinances §193. Looking to the phrases pointed out and criticised, the question follows, Can they be understood with reasonable certainty? We are of the opinion that they can, when regard is had to the subject-matter, and they are considered in the sense used.

2.

An ordinance against the sale of "small ware" on the streets without further definition was upheld. So an ordinance prohibiting driving or riding an animal on the street "faster than an ordinary trot". So "An ordinance providing that no occupant of land abutting on a private way shall suffer any filth to remain on that part of the way adjoining his land is not open to objection of indefiniteness because it does not fix a time beyond which it shall not be allowed to remain. So an ordinance directed against the game of 'policy' is not void for uncertainty because it does not set out the particular facts which constitute the game. So an ordinance declaring it an offense to 'conduct a house of ill fame in an indecent manner' was sustained as sufficient, without specification of the various acts of indecency." McQuillin, Mun. Ordinances §20; 2 McQuillin, Mun. Corp. (5th ed.) §651.

In the case of Shea v. City of Muncie (1896), 148 Ind. 14, 20, 46 N. E. 138, an objection to an ordinance, as in this case, was made on the ground that it was too "uncertain and indefinite". The court said: "It is insisted that the ordinance, or some ordinance, should have first defined and prescribed the boundaries of the residence portion of said city. We do not decide that that might not have been properly done. The only difference between that course and the course pursued is, that the question of fact involved as to the true boundaries of such residence portion of said city was

left to be determined in a court of justice, where the parties interested pro and con could be heard by testimony instead of the legislative department of the city hearing the evidence where no parties could have been heard to controvert the facts before the common council. 'An ordinance is not void for want of clearness of expression or on account of a difficulty in construction or applying its provisions.' Horr & Bemis Munic. Ordinances, section 193. To the same effect is Nealis v. Hayward, 48 Ind. 19."

In this case, the object sought to be attained by the ordinance was to require persons in charge of a horse on the street of the city to attend him, or, if unattended, to prevent his escape by such physical means as will afford reasonable security against the hazards likely to occur from such neglect. It was a reasonable regulation applicable to such users of the street for the safety and welfare of other rightful users, and within the power of the legislative body of the city. In our opinion the language employed is justified by the fact that a more definite description of the proper means to be used in each particular case would not be practical. What would be a secure fastening as to the one team, might be insecure as to another, or insecure as to the same team under different circumstances. In the very inherent nature of things, exact definition and description is possible as applied to some subjects, and impossible as applied to others, and in determining the extent of accuracy required in an ordinance, regard must be had to the subject-matter thereof.

From these observations we conclude that the ordinance in question is not void for uncertainty. Judgment affirmed.

NOTE.—Reported in 116 N. E. 50. Municipal corporations, ordinances, certainty, 34 Am. Dec. 635.