## CULP v. BUTLER.

[No. 10,150.    Filed April 1, 1919.]

1. INJUNCTION.—*Complaint.*—*Sufficiency.*—In an action to enjoin the prosecution of an action against plaintiff in another state, *held* that a complaint containing a general averment that such action would be vexatious and cause plaintiff irreparable injury, renders it sufficient for the relief asked, when taken in connection with other allegations, and a demurrer was properly overruled.    p. 671.

2. PLEADING.—*Answer.*—*Denial.*—*Confession and Avoidance.*—An answer which does not deny all the allegations of the complaint is not sufficient as a general denial, but must be considered as an answer in confession and avoidance.    p. 672.

3. INJUNCTION.—*Prosecution of Action in Foreign State.*—*Right to Relief.*—A citizen of a state will be enjoined by the courts thereof from prosecuting an action against another citizen of the same state, in a foreign state, for the purpose of evading the laws of his own state.    p. 673.

4. INJUNCTION.—*Prosecution of Action in Foreign State.*—*Irreparable Injury.*—*Right to Relief.*—Where plaintiff in an action to enjoin an action against him in another state would have a complete defense if sued in his own state, for such defense would not be available in such other state, he would be liable to suffer irreparable injury if compelled to defend such action in such other state, and such action will be considered as having been instituted for the purpose of evading the law of defendant's home state.    pp. 673, 674.

5. EVIDENCE.—*Judicial Notice.*—*Limitation of Actions in Foreign State.*—*Presumptious.*—*Common Law is Foreign State.*—Courts do not judicially know that a foreign state has a statute limiting the time in which a certain class of actions may be commenced, and, where a statute of limitations of a foreign state is not pleaded, it will be presumed that the common law prevails in that regard in such foreign state.    p. 673.

6. LIMITATION OF ACTION.—*Common Law.*—Under the common law there was no fixed time for the bringing of actions.    p. 674.

From Huntington Circuit Court; *Samuel E. Cook,* Judge.

Action by Charles A. Butler against John W. Culp.

From a judgment for plaintiff, the defendant appeals.
*Affirmed.*

*Krieg & Sapp,* for appellant.
*Watkins & Butler,* for appellee.

BATMAN, P. J.—This is an action brought by appellee against appellant, seeking to enjoin the latter from prosecuting an action for damages against the former in the circuit court of Cook county, Illinois. The complaint is in a single paragraph, and alleges in substance, among other things, that both appellee and appellant are residents of the State of Indiana; that the latter is threatening to, and will, unless enjoined, bring some kind of a suit at law against the former for alleged damages in the circuit court of Cook county, Illinois; that neither appellee nor appellant is a resident of the State of Illinois, and that appellee is not under the jurisdiction of the courts of said state; that, if appellant has any grievance against appellee, the courts of Indiana have jurisdiction and ample power, in a proper action, to give him all the relief to which he is entitled; that appellant does not have any cause of action against appellee, which cannot be tried and determined with full and ample justice to appellant in the State of Indiana; that appellant has filed certain papers in the circuit court of Cook county, Illinois, against appellee, alleging, or attempting to allege, some cause of action against appellee for damages; that said action is without right, and is brought in said foreign state for the purpose of causing appellee great inconvenience, expense and loss of time; that the action of appellant in so threatening to bring suit against appellee in said circuit court of Cook county, Illinois, and in filing said papers

therein, is unwarranted, vexatious and unfounded in law or in equity; that the prosecution of said suit against appellee in said State of Illinois would result in great and unnecessary expense to him, would be vexatious, and would cause him irreparable injury. Prayer that an injunction issue and for damages.

To this complaint appellant filed a demurrer, which was overruled. He then filed an answer in a single paragraph, which alleges in substance, among other things, that he has a good and meritorious cause of action for malicious prosecution against a certain life insurance company and others, including appellee, all of whom are joint tort-feasors, and are named as defendants in the action described in appellee's complaint; that said action was filed in the circuit court of Cook county, Illinois, in November, 1915; that at said time certain of the defendants, other than appellee herein, were and still are residents of the said State of Illinois, and could not be served with process on a suit brought in the State of Indiana; that appellant was entitled to sue all of said defendants jointly in one action; that said court had and has jurisdiction of the subject-matter, and of the defendants residing in Illinois; that said suit was filed and was pending prior to the commencement of this action; that appellee herein has the same right of defense in the action now pending in the State of Illinois as he would have in an action for the same relief in Indiana; that said action pending in Illinois was filed more than four months prior to the filing of this action; that appellee knew, during all of said time, that said cause of action was pending against him in Illinois; that appellee did not commence this action until the statute of limitations had run, or was about

to run, against appellant's said cause of action in the State of Indiana; that if appellee is granted the relief prayed in this action, it will work an unconscionable hardship and wrong upon appellant, and wholly deprive him of his cause of action against appellee. Said paragraph of answer contains further allegations in which certain facts alleged in the complaint are expressly admitted, and other facts alleged therein are expressly denied, among which are the following: "The defendant denies that if he has a cause of grievance against the plaintiff herein, the courts of the State of Indiana, have ample power and jurisdiction and will give him all the relief to which he is entitled upon proper suit, but says that the statute of limitations has run against his right of action against the plaintiff in the State of Indiana and that he was not required by law to engage in more than one cause of action against all of the alleged joint tort-feasors as hereinbefore set out." Appellee filed a demurrer to this answer, which was sustained. Appellant failing and refusing to plead further, the court rendered judgment on the demurrer in favor of appellee. From this judgment appellant has appealed, and has assigned the action of the court in overruling his demurrer to the complaint, and in sustaining appellee's demurrer to his answer, as the errors on which he relies for reversal.

Appellant's contention that the court erred in overruling his demurrer to the complaint cannot be sustained. It will be observed that it is alleged

1. that the action in the circuit court of Cook county, Illinois, would be vexatious and cause appellee irreparable injury. This general averment, in the absence of a motion to make the same more

specific, renders the complaint sufficient for the relief asked, when taken in connection with the other allegations of the complaint. There was no error in overruling appellant's demurrer thereto.

In considering appellant's contention that the court erred in sustaining appellee's demurrer to his answer, it should be observed that, while said

2. answer expressly denies many of the allegations of the complaint, it does not deny all of them, and hence is not sufficient as a general denial, but must be considered as an answer in confession and avoidance. *Weser* v. *Welty* (1897), 18 Ind. App. 664, 47 N. E. 639; *Duffy* v. *England* (1911), 176 Ind. 575, 96 N. E. 704. The theory of said answer appears to be that appellant had a cause of action for malicious prosecution against certain residents of the State of Illinois, and certain residents of the State of Indiana, appellee being among the latter; that by reason of the fact that all of the parties were joint tort-feasors, he had a right to sue all of them in a single action, regardless of the diversity in their residences; that in pursuance of such right he filed a suit in the circuit court of Cook county, Illinois, against all of said parties, including the appellee herein; that said cause is still pending in said state, and appellee has the same right of defense therein as he would have in an action for the same relief in Indiana; that the court of Indiana cannot now give appellant the relief to which he is entitled in said action, as the statute of limitations has run against the same in said state; that for that reason it would be inequitable to grant appellee the relief asked, as it would wholly deprive appellant of his cause of action against ap-

pellee. It is well settled that a citizen of a state
3. will be enjoined by the courts thereof from
prosecuting an action against another citizen
of the same state, in a foreign state, for the purpose
of evading the laws of his own state. 16 Am. & Eng.
Ency. Law 421; 14 R. C. L. 415; 22 Cyc 814; *Wilson* v.
*Joseph* (1886), 107 Ind. 490, 8 N. E. 616; *Combs* v.
*Union Trust Co., etc.* (1897), 146 Ind. 688, 46 N. E. 16;
*Sandage* v. *Studebaker Bros. Mfg. Co.* (1895), 142 Ind.
148, 41 N. E. 380, 34 L. R. A. 363, 51 Am. St. 165; *Hawkins* v. *Ireland* (1896), 64 Minn. 339, 67 N. W. 73, 58
Am. St. 534; *Cole* v. *Cunningham* (1890), 133 U. S.
107, 10 Sup. Ct. 269, 33 L. Ed. 538. By the admission
in the answer that the statute of limitations
4. has run against appellant's cause of. action in
Indiana, it clearly appears that appellee has a
complete defense thereto if sued thereon in this state.
It further clearly appears, under the rule stated
above, that if appellee would have no such defense to
the action in Illinois, he would be liable to suffer
irreparable injury if compelled to defend such action
in said state. We do not judicially know that
5. the State of Illinois has a statute limiting the
time in which actions for malicious prosecutions may be commenced, and no such statute is pleaded by appellant in his answer. We must therefore
assume that the common law prevails in this regard
in said state. *Smith* v. *Muncie Nat. Bank* (1867), 29
Ind. 158; *Robards* v. *Marley* (1881), 80 Ind. 185; *Rogers* v. *Zook* (1882), 86 Ind. 237; *Cunningham* v. *Jacobs*
(1889), 120 Ind. 306, 22 N. E. 335; *Jackson* v. *Pittsburgh, etc., R. Co.* (1895), 140 Ind. 241, 39 N. E. 663,
49 Am. St. 192; *Baltimore, etc., R. Co.* v. *Hollenbeck*

(1903), 161 Ind. 452, 69 N. E. 136. Under the common law there was no fixed time for the bringing of actions. 25 Cyc 985. We must therefore presume that if appellee is required to defend said action in the State of Illinois, he will be denied a defense that is available to him in this state. These facts clearly bring the parties within the rule stated above with reference to enjoining a citizen of one state from prosecuting an action against another citizen of the same state in the courts of a foreign state, for the purpose of evading the law of his own state. The court therefore did not err in sustaining the demurrer to appellant's said answer.

Judgment affirmed.