[No. 28382.   Department One.   July 29, 1941.]

J. A. HOUSMAN, *Appellant,* v. GERALD E. BYRNE *et al.,*
*Respondents.*[1]

*Charles T. Wright,* for appellant.

*Chas. R. Lewis* and *B. Franklin Heuston,* for respondents.

MAIN, J.—The complaint in this case contains a number of causes of action, separately stated.   When the evidence was all in, the court withdrew all of them from the jury, with the exception of one, and upon this one the jury returned a verdict in favor of the defendants.   The plaintiff moved for a new trial, which motion was denied, and from the judgment dismissing the action, he appealed.

November 2, 1937, the appellant was arrested by the sheriff of Mason county and lodged in jail, where he was held until the thirteenth day of November of that year.   In the interim, he had not been taken before

[1]Reported in 115 P. (2d) 673.

a committing magistrate for the issuance of a mittimus or to have the amount of his bond fixed. November 13, 1937, an information was filed, and a warrant directed to be served upon him, which was done. Following this, the trial occurred which resulted in an acquittal.

This appeal is based solely upon the ruling of the court withdrawing the second cause of action from the jury. That cause of action was for false imprisonment.

The case is before us upon a very brief bill of exceptions, and the only question presented is whether the sheriff detained the appellant in jail for an unreasonable time without taking him before a committing magistrate.

█ It is admitted by the appellant that, even though the arrest was made without a warrant, it was, nevertheless, legal. It is the general, if not the universal, rule that, when a person is arrested and placed in jail, and is detained there for more than a reasonable time, the detaining officer is liable in an action for damages.

In the case of *Harness v. Steele,* 159 Ind. 286, 64 N. E. 875, after stating the rule that an officer has a right to arrest without a warrant if he had reasonable or probable cause to believe that a felony had been committed, it is said:

"But the power of detaining the person so arrested, or restraining him of his liberty, in such a case is not a matter within the discretion of the officer making the arrest. He can not legally hold the person arrested in custody for a longer period of time than is reasonably necessary, under all of the circumstances of the case, to obtain a proper warrant or order for his further detention from some tribunal or officer authorized under the law to issue such a warrant or order. If the person arrested is detained or held by the officer for a longer period of time than is required under the circumstances, without such warrant or au-

thority, he will have a cause of action for false imprisonment against the officer and all others by whom he has been unlawfully detained or held. *Simmons v. Vandyke, supra* [138 Ind. 380, 26 L. R. A. 33, 46 Am. St. 411]; *Low v. Evans,* 16 Ind. 486; 12 Am. & Eng. Ency. Law (2d ed.), 741, 746, 747; *Leger v. Warren,* 62 Ohio St. 500, 57 N. E. 506, 51 L. R. A. 193, 78 Am. St. 738; *Brock v. Stimson,* 108 Mass. 520, 11 Am. Rep. 390; *Green v. Kennedy,* 48 N. Y. 653; *Tubbs v. Tukey,* 3 Cush. 438, 50 Am. Dec. 744."

There are no facts before us which show any reason why the appellant was detained for the period of time that he was without being taken before a committing magistrate. There being no facts here, the question is purely one of law. We are of the view that, without any showing of a necessity of detaining him for that period of time, the detention was unreasonable.

Our attention is called to this statement in the case of *Smith v. Drew,* 175 Wash. 11, 26 P. (2d) 1040:

"If the arrest was justified, then the imprisonment was likewise justified."

That was a correct statement as applied to the facts in that case. It obviously was not the intention of the court to state a proposition which would be out of harmony with the general rule in such cases. In that case, the plaintiff was arrested and taken to a police station in the city of Seattle. The officers, however, declined to do anything in the matter because the occurrence for which he had been taken into custody took place outside of the city limits. The sheriff's office was notified, and a few hours later deputy sheriffs came to the police station and took him to the county jail, where he was detained for several days. There was no contention in that case that he had been detained for an unreasonable length of time, and there was no mention of what the holding would be if a person had been detained for a longer time than would be

reasonable before he was taken before a committing magistrate.

The judgment will be reversed and the cause remanded, with direction to the superior court to grant a new trial as to the second cause of action.

ROBINSON, C. J., BLAKE, SIMPSON, and DRIVER, JJ., concur.